ADVANCED HEALTH SYSTEMS, INC., Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 79–Z–863.

United States District Court, D. Colorado.

March 31, 1981.

Lewis J. Hock, Saunders, Snyder, Ross & Dickson, P. C., Denver, Colo., Weissburg &

Aronson, Inc., Los Angeles, Cal., for plaintiff.

Roland J. Brumbaugh, Asst. U. S. Atty., Denver, Colo., for defendant.

## ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT

WEINSHIENK, District Judge.

This matter is before the Court on cross Motions for Summary Judgment. Advanced Health Systems, Inc., brought this action pursuant to 42 U.S.C. § 1395oo(f) to obtain judicial review of an affirmance by the Secretary of the Department of Health and Human Services (Secretary) of an administrative decision of the Provider Reimbursement Review Board (Board). The challenged decision denied Medicare reimbursement to plaintiff for radio and television advertising expenses in the amount of $53,187.00, incurred on behalf of one of plaintiff's hospitals,[1] Raleigh Hills Hospital, Denver, Colorado (Hospital), during the fiscal year ending September 30, 1976. Having considered the arguments advanced by the parties in their briefs and memoranda, and having reviewed the certified record[2] of the administrative proceedings as well as the relevant case law, the Court has concluded that plaintiff's motion must be granted and the Secretary's decision reversed.

Plaintiff is the owner and operator of several hospitals which are exclusively engaged in the diagnosis and treatment of alcohol abuse. Pursuant to contract with defendant, it is also a "provider of services" within the meaning of 42 U.S.C. § 1395x(u), and thus entitled to reimbursement for the reasonable cost of services it provides to Medicare patients. During the fiscal year which ended in September 1976, plaintiff incurred radio and television advertising expenses in connection with its operation of the Hospital in Denver. After its annual audit, Blue Cross of Colorado, plaintiff's fiscal intermediary under the Medicare program, disallowed reimbursement for these expenses; plaintiff appealed this decision to the Board. Relying upon §§ 2136 and 2136.2 of the Provider Reimbursement Manual (Manual), the Board affirmed the disallowance. When the Secretary refused to reverse or modify the Board's decision, plaintiff filed this action for judicial review of the Secretary's decision.

### I.

Under 42 U.S.C. § 1395f(b), a provider of services to Medicare beneficiaries may obtain payment for the "reasonable cost of such services," as defined in the statute and regulations. The statute indicates that "reasonable cost" shall be the "cost actually incurred, excluding therefrom any part of incurred cost found to be unnecessary in the efficient delivery of needed health services." 42 U.S.C. § 1395x(v)(1)(A). That subsection also furnishes a guideline for the implementing regulations:

Such regulations shall . . . take into account both direct and indirect costs of providers of services . . . in order that,

---

1. Plaintiff owns and operates five hospitals which are exclusively engaged in the treatment of alcohol abuse. They are the Raleigh Hills Hospitals in Newport Beach, California, Redwood City, California, Fair Oaks, California, Las Vegas, Nevada, and Denver, Colorado.

2. The record consists of 3 volumes: Volume 1 is the record of the Board administrative proceedings in an appeal by all of plaintiff's facilities of their respective intermediaries' disallowance of advertising costs incurred during the period from October 1, 1975, to September 30, 1976. In these October 20, 1978, proceedings, the parties stipulated to the incorporation by reference of the transcript of an earlier hearing, October 29, 1976, before the Board of an appeal by plaintiff's Newport Beach facility of its in-

termediary's disallowance of its advertising costs. The record of this 1976 hearing constitutes Volume 2 of the record in the instant case. Volume 3 is a supplemental record of the administrative proceedings in the Newport Beach facility case. In that action, after the Board affirmed the disallowance, the Newport Beach facility appealed to the United States District Court for the Central District of California. The Court remanded the case to the Board; Volume 3 contains the record of the Board's proceedings and determination on remand. In the instant action, plaintiff seeks review of the Board's decision in the group appeal only as it applies to plaintiff's Denver, Colorado, facility.

under the methods of determining costs, the necessary costs of efficiently delivering covered services to individuals covered by the insurance programs ... will not be borne by individuals not so covered, and the costs with respect to individuals not so covered will not be borne by such insurance programs ....

The regulation, in turn, explains that reasonable cost "includes all necessary and proper costs incurred in rendering the services," 42 C.F.R. 405.451(a) (1978), and defines necessary and proper costs as "costs which are appropriate and helpful in developing and maintaining the operation of patient care facilities and activities," 42 C.F.R. § 405.451(b)(2) (1978). This provision further indicates that necessary and proper costs "are usually costs which are common and accepted occurrences in the field of the provider's activity."

While neither the statute nor the regulation specifically addresses advertising costs, the Department of Health and Human Services has compiled the Manual to publicize its interpretations of the Medicare cost reimbursement regulations. Sections 2136, 2136.1 and 2136.2 of the Manual, which relate to advertising costs, permit reimbursement for those costs which are "common and accepted" in the provider's field and are "directly or indirectly related to patient care" and deny it for those which seek "to increase patient utilization of the provider's facilities." [3] Thus the statutory scheme contemplates that providers will be reimbursed for direct and indirect costs actually incurred, upon a finding that such costs are common and accepted in the provider's field and are appropriate and helpful in the provision of covered services. The

3. Section 2136, entitled "Advertising Costs—General" provides in full:

The treatment of advertising costs, i. e., their allowability, depends on whether they are reasonable, appropriate and helpful in developing, maintaining, and furnishing covered services to Medicare beneficiaries by providers of services. To be reimbursable, such costs must be common and accepted occurrences in the field of the provider's activity. In determining the allowability of these costs, the intermediary should consider the facts and circumstances of each provider situation as well as the amounts which would ordinarily be paid for comparable services by comparable institutions.

Section 2136.1, entitled "Allowable Advertising Costs," provides in pertinent part:

Advertising costs incurred in connection with the provider's public relations activities are allowable if the advertising is primarily concerned with the presentation of a good public image and directly or indirectly related to patient care ....

Costs of advertising for any purpose not specified above or not excluded below may be allowable if they are related to patient care and are reasonable.

Section 2136.2, entitled "Unallowable Advertising Costs," provides in pertinent part:

Costs of advertising to the general public which seeks to increase patient utilization of the provider's facilities are not allowable. Situations may occur where advertising which appears to be in the nature of the provider's public relations activity is, in fact, an effort to attract more patients. An analysis by the intermediary of the advertising copy and its distribution may then be neces-

sary to determine the specific objective. While it is the policy of the Social Security Administration and other Federal agencies to promote the growth and expansion of needed provider facilities, general advertising to promote an increase in the patient utilization of services cannot properly be related to the care of patients.

On the other hand, reasonable costs of activities involving professional contacts with physicians, hospitals, public health agencies, nurses' associations, State and county medical societies, and similar groups and institutions, to apprise them of the availability of the provider's covered services are allowable. Such contacts make known what facilities are available to persons who require such information in providing for patient care, and serve other purposes related to patient care, e. g., exchange of medical information on patients in the provider's facility, administrative and medical policy, utilization review, etc. Similarly, reasonable production and distribution costs of informational materials to professional groups and associations, such as those listed above, are allowable if the materials primarily refer to the provider's operations and financial position, or contain data on the number and types of patients served. Such materials should contribute to an understanding of the role and function of the facility as a provider of covered health care in the community. The cost of listing the facility in a telephone directory or in a directory of similar facilities in a given area is allowable.

Manual adds the agency's interpretation [4] that costs incurred in soliciting patients are not reimbursable.

## II.

At the hearing before the Board, plaintiff relied on the extensive expert testimony presented by its Newport Beach, California, hospital at the earlier hearing of October 29, 1976, to demonstrate the relationship between general advertising and the care and treatment of alcoholics. The experts testified that, unlike persons afflicted with other diseases, alcoholics must be persuaded that they have a disease and that they can be helped. Advertising, to be effective, must provide information concerning an immediate source of help rather than a referral service. In the latter case, the alcoholic often is frustrated by the necessity of making numerous phone calls in order to obtain help. Thus, in the experts' opinions, public outreach programs are essential in the effective care of alcoholics, and the advertising at issue in this case is directly related to the diagnosis and treatment of alcoholism. Evidence also showed that plaintiff's advertising costs are common and accepted in the field of alcoholism treatment because the National Institute on Alcohol Abuse and Alcoholism (NIAAA) sponsors an intensive television and radio advertising campaign, and the standards for accreditation of alcoholism treatment facilities established by the Joint Commission on Accreditation of Hospitals require such facilities to sponsor public advertising programs. The intermediary presented no evidence in support of its position. Rather it relied upon the plain meaning of § 2136.2 of the Manual and the text of the advertising at issue. It contended that the effect of the advertising was to attract patients to the Raleigh Hills facility and, hence, that the costs were properly disallowed.

Although the Board recognized that the television and radio advertising was an "important component" of the hospital's program, it upheld the intermediary's position, finding that "the TV advertisements utilized by the Provider ('short spots') as opposed to educational types of programs have the effect of promoting patient utilization of the Provider's facilities." Record, Vol. 1, at 26. In its opinion on remand in the Newport Beach facility appeal, the Board acknowledged the validity of the facility's argument that, in order to be effective, advertising must directly identify a treatment source. However, it concluded that this type of advertising prevents the intermediary from determining whether the actual purpose of the advertising is patient care or patient solicitation, and so, re-affirmed the disallowance. Record, Vol. 3, at 548.

In its Motion for Summary Judgment, plaintiff urges (1) that the decision in *Advanced Health Systems, Inc. v. Califano*, (N.D.Cal. No. C–77–2765 SW, September 26, 1979, appeal dismissed, April 26, 1980) in favor of Advanced Health Systems collaterally estops the Secretary from seeking affirmance of the Board's decision; and (2) that the decision of the Board must be reversed because (a) it is not supported by substantial evidence, (b) it is arbitrary and capricious and contrary to law, and (c) it is based upon Manual provisions which were not adopted in accordance with the Administrative Procedure Act, 5 U.S.C. § 553.

In opposition to plaintiff's Motion and in support of his Motion for Summary Judgment, defendant argues (1) that collateral estoppel does not apply in this case; (2) that the Manual provisions are consistent with the statute and the regulation; (3) that the advertising at issue was lacking in educational content and was principally directed to patient solicitation; and (4) that the Manual provisions are interpretative rules

---

4. Plaintiff contends that the Manual is actually a set of independent regulations subject to the requirements for rule-making in the Administrative Procedure Act (APA). See 5 U.S.C. § 553. The defendant argues that the Manual is merely an interpretation of the regulation contained in 42 C.F.R. § 405.451 and, therefore, exempt from the APA rule-making requirements. For the purposes of this decision, the Court will assume, but not decide, that the Manual is an interpretation of the existing regulation.

exempt from the requirements of the APA, 5 U.S.C. § 553.

### III.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). However, collateral estoppel applies only to questions of fact, not to questions of law. *United States v. Casper*, 541 F.2d 1275 (8th Cir. 1976), *cert. denied*, 430 U.S. 970, 97 S.Ct. 1654, 52 L.Ed.2d 362 (1977). As the 8th Circuit, adopting the reasoning of the trial court, explained in *Casper*,

> [W]here a trial judge ... establishes a rule or standard of law, application of the doctrine of collateral estoppel would extend that ruling, which is the law of the first case, to become the law of the second case.

> The primary risk is not one of eroding the power of the second court. A more serious risk is that after the doctrine is applied in a matter of first instance, when it gets to the appellate court, that court is foreclosed from considering other, equally useful reasoning as to the question of law, which would normally generate in the second trial court.

541 F.2d at 1278–79.

In this case, plaintiff seeks to invoke collateral estoppel to bar the Secretary from relitigating the issue which the District Court for the Northern District of California decided against him, *i. e.*, whether the Board's decision is arbitrary and capricious as a matter of law. While the Court finds the California district court's opinion well-reasoned and persuasive, it must hold that collateral estoppel is not available to preclude the reconsideration of the case at bar.

### IV.

Under 42 U.S.C. § 1395oo(f), judicial review of the Secretary's decision is governed by the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C). This act limits judicial review of agency decisions to a determination of whether the "agency action, findings, and conclusions [are] arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law ... [or] unsupported by substantial evidence."

After a careful review of the record, the Court finds that there is substantial evidence to support the Board's conclusion that "the effect of the advertising is to promote patient utilization of the Provider's facility." The Court, however, must conclude that the Board's decision is arbitrary and capricious and not in accord with the statutory scheme.

While the Manual provisions on advertising are not facially unreasonable, their application in this case produces a result that is inconsistent with the statute and the regulations. Had the advertising omitted the name and address of the plaintiff's treatment center, it would have qualified for reimbursement even though it would have been ineffective in motivating an alcoholic to seek treatment. It cannot be disputed that an advertisement which succeeds in convincing an alcoholic to seek help is at least as related to patient care as one which does not. The fact that it encourages the patient to obtain help at the provider's facility does not render it unrelated to patient care. As the California district court stated,

> It is plainly evident to the court the advertisement which motivates the alcoholic to seek treatment is more related to his care than the advertisement which does not. Likewise, solicitation which motivates an alcoholic to seek treatment does not become unrelated to his care simply because it motivates him to seek treatment at the provider's facility rather than not at all.

*Advanced Health Systems, Inc. v. Califano, supra.*

Plaintiff's evidence established that these advertising costs were "actually incurred," 42 U.S.C. § 1395x(v)(1)(A), that they are "appropriate and helpful in developing and maintaining the operation of patient care facilities," 42 C.F.R. § 405.451(a) (1978), and are "common and accepted occurrences in

the field of the provider's activity," 42 C.F.R. § 405.451(b)(2) (1978). While the Manual provisions, as the agency's interpretation of its regulation, are normally entitled to substantial deference, they cannot be accorded such deference when their application is so plainly inconsistent with the regulations and the statute. See *Glass v. United States*, 506 F.2d 379, 382 (10th Cir. 1974).

Because the Secretary's decision, based upon the Manual provisions, produces a result contrary to the statutory scheme, it must be set aside as arbitrary and capricious and not in accordance with law.

## V.

It is, therefore, ORDERED that plaintiff's Motion for Summary Judgment is granted, and that defendant's Motion for Summary Judgment is denied.

It is FURTHER ORDERED that a declaratory judgment be entered that the administrative action taken by defendant in denying the claims of plaintiff relating to radio and television advertising is in violation of law.

It is FURTHER ORDERED that costs shall be paid by defendant.