Helen Anne **LUKASZEWICZ and Thomas P. Lukaszewicz, Plaintiffs,**

v.

**ORTHO PHARMACEUTICAL CORPORATION, a foreign corporation, and Johnson & Johnson, a foreign corporation, Defendants.**

Civ. A. No. 79–C–93.

United States District Court, E. D. Wisconsin.

July 14, 1981.

Charles W. Oppitz, Milwaukee, Wis., for plaintiffs.

Edmund W. Powell, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for defendants.

ORDER

REYNOLDS, Chief Judge.

This is a products liability suit brought pursuant to 28 U.S.C. § 1332. The plaintiff Helen Anne Lukaszewicz (hereafter "plaintiff") alleges that the defendant Ortho Pharmaceutical Corporation (hereafter "defendant") manufactured and sold Ortho-Novum, an oral contraceptive, in a defective condition unreasonably dangerous to the plaintiff without giving her adequate warning of its possible side effects, and that as a result of her use of the product she suffered a cerebral accident on or about January 20, 1976.

In a decision and order issued March 31, 1981, 510 F.Supp. 961, of which footnote 2 was amended in an order issued April 28, 1981, the Court held that the defendant had a duty to warn patients directly, and not merely their physicians, of the possible side effects of Ortho-Novum in the manner provided in 21 C.F.R. § 310.501. At pages 3–4 of the March 31, 1981, decision (reported at 510 F.Supp. 963) the Court quoted from the language of § 310.501 as it is at present, and made reference in a footnote to the history of the regulation. The April 28, 1981, order amended footnote 2 to clarify the history of the regulation.

Defendant has now moved the court to amend the body of the decision and to further amend footnote 2 to incorporate the language of § 310.501 as it was when the plaintiff's cause of action arose in order to clarify the nature of the duty to warn owed by the defendant to her at the relevant time. The plaintiff has not opposed the motion and, therefore, for purposes of clarification of the decision and order issued in this action on March 31, 1981, as amended on April 28, 1981,

IT IS ORDERED that the decision and order is amended as follows:

1. The paragraph commencing at the bottom of page 3 of the decision and continuing on to page 4 (reported at 510 F.Supp. 963–64) is amended to read as follows:

The federal administrative regulations adopted under the federal Food, Drug, and Cosmetic Act do require that in the case of oral contraceptives, warnings in the form of package inserts be given to the patient as well as to the physician. As it read at the time material to this litigation, 21 C.F.R. § 310.501 provided in part: [2]

"(a) *Oral contraceptives.* (1) * * *

"(2) * * * it is deemed in the public interest to present to users of the oral contraceptives a brief notice of the nature of the drugs, the fact that continued medical supervision is needed for safe and effective use, that the drugs may cause side effects and are contraindicated in some cases, that the most important complication is abnormal blood clotting which can have a fatal outcome, that the physician recognizes an obligation to discuss the potential hazards of taking the drugs with the patient, that he has available for the patient written material discussing the effectiveness and the hazards of the drugs, and that users of the oral contraceptives should notify their physicians if they notice any unusual physical disturbance or discomfort.

"(3) * * *

"(4) * * * the Commissioner conclude [sic] that it is necessary in the best interests of users that the following printed information for patients be included in or with the package dispensed to the patient:

(Patient Package Information)

ORAL CONTRACEPTIVES

. (Birth Control Pills)

Do Not Take This Drug Without Your Doctor's Continued Supervision

"The oral contraceptives are powerful and effective drugs which can cause side effects in some users and should not be used at all by some women. The most serious known side effect is ab-normal blood clotting which can be fatal.

"Safe use of this drug requires a careful discussion with your doctor. To assist him in providing you with the necessary information,

_____
(Firm name)

has prepared a booklet (or other form) written in a style understandable to you as the drug user. This provides information on the effectiveness and known hazards of the drug including warnings, side effects and who should not use it. Your doctor will give you this booklet (or other form) if you ask for it and he can answer any questions you may have about the use of this drug.

"Notify your doctor if you notice any unusual physical disturbance or discomfort.

"(5) * * *

"(6) Written, printed, or graphic materials on the use of a drug that are disseminated by or on behalf of the manufacturer, packager, or distributor and are intended to be made available to the patient, are regarded as labeling. The commissioner also concludes that it is necessary that information in lay language, concerning effectiveness, contraindications, warnings, precautions, and adverse reactions be incorporated prominently in the beginning of any such materials, and that such labeling must be made available to physicians for all patients who may request it. Such labeling shall be substantially as follows, based on the approved package insert for prescribers of the oral contraceptives, and shall include the following points:

\*  \*  \*  \*  \*  \*

"(v) A statement of the need for special supervision of some patients including those with * * * migraine * * *."

2. The final paragraph on page 6 of the March 31, 1981, decision and order (reported at 510 F.Supp. 965) is amended to read as follows:

21 C.F.R. § 310.501 was enacted to protect persons like the plaintiff from the harmful side effects associated with oral contraceptives by warning them of such effects to the extent and in the manner provided in that regulation so as to enable such persons to recognize such side effects and to seek qualified medical assistance. Wisconsin holds that the violation of such a regulation by one on whom it imposes a duty resulting in occurrence of the harm which the regulation was designed to prevent constitutes negligence per se. The defendant in this case did have a duty to warn the plaintiff Helen Anne Lukaszewicz of the possible side effects of the Ortho-Novum in the manner provided in 21 C.F.R. § 310.501 as it read at the relevant time. Therefore, her claim that she received no such warning creates a triable issue of fact.

3. Footnote 2, as amended in the order issued April 28, 1981 (reported at 510 F. Supp. 963) is further amended to read as follows:

21 C.F.R. § 310.501 has been modified since first proposed. See 35 Federal Register 9002 (June 11, 1970); 40 Federal Register 5353 (February 5, 1975); 40 Federal Register 12259 (March 18, 1975); 40 Federal Register 48919 (October 20, 1975); 43 Federal Register 4220 (January 31, 1978); 43 Federal Register 7618 (February 24, 1978).