## Isabelle F. Newton et al. v. City of Peoria.

### Gen. No. 4,772.

1. GENERAL ISSUE—*effect of, in action on the case.* The general issue in an action on the case requires the plaintiff to prove his case as laid in the declaration and admits in defense proof of any matter which shows the cause of action has been discharged or that in equity or good conscience the plaintiff ought not to recover. To this rule, however, there are some exceptions, as, for instance, the defense of the Statute of Limitations; the defense of justification in an action of slander, for which special pleas are essential.

2. DAMAGES—*what cannot be recovered.* Nothing can be allowed in an action on the case for imaginative or speculative damages or remote damages which may or may not accrue in the future.

Action in case for damages to real property. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 10, 1907.

FRANCIS H. TICHENOR, for appellants.

W. H. Moore, for appellee.

Mr. Justice Willis delivered the opinion of the court.

This was an action on the case brought by appellants, Isabelle F. Newton and Lillian Lee Newton, in the Circuit Court of Peoria county against appellee, the city of Peoria, to recover damages claimed to have been sustained to their real estate by the cutting down and grading of one of appellee's streets.

The amended declaration alleged that appellants owned in fee, as tenants in common, a certain lot or parcel of land in Armstrong's subdivision of a certain addition to the city of Peoria, having a frontage of 206 feet on Moss avenue in said city and extending back, of even width, along Saratoga street, 450 feet to Seventh avenue; and that said lot or parcel of land was of great value in the month of June, 1899, improved with a large and expensive dwelling house, other buildings, fences, trees and shrubbery; and that appellants had the right to the use and enjoyment of the same as they then existed, and that they also had the right to the support of the soil in the streets abutting their said lot for the natural support thereof; and averred that, notwithstanding their rights, appellee, in said month of June, 1899, and following, caused said Saratoga street, between said Moss and Seventh avenues, to be cut down and excavated, whereby said lot became insecure, thereby causing the soil, fences, trees, shrubbery and other improvements of said lot to cave, break away and fall into said street, to the damage of appellants. Appellee filed the general issue, a plea denying appellants' ownership of the premises described in the declaration, and plea of the five years' Statute of Limitations. Issues were joined upon the general issue and the replications to the special pleas, and a trial was had before a jury, resulting in a verdict of not guilty for appellee. A motion for a new trial was

overruled, judgment was entered on the verdict, and this appeal was taken to review the proceedings.

It appears from the record that this suit was begun April 23, 1904, and from the evidence that the lot described in the declaration was owned by appellants at the time of the commencement of the suit, and was located on a bluff and abutting on Saratoga street, in the city of Peoria, and situated between Moss avenue on the northerly side and Seventh avenue on the southerly side, and that it extended the entire distance between said streets, which is 450 feet. Moss avenue is forty-six feet higher than Seventh avenue. The easterly side of said lot was formerly a ravine, afterwards made into Saratoga street, and prior to the year 1900 was not fully improved, having a large hump in it which greatly impeded travel thereon, except for light vehicles. In 1900, the city of Peoria improved Saratoga street by cutting out the hump. · The excavation made in its removal varied in depth from almost nothing at Moss and Seventh avenues to about four and a half feet a little below the center of the hill, and was of a uniform width of thirty-six feet in and along the center of said street. A curbing was put in on each side thereof, leaving a space of twelve feet between the curbing and the lot line on each side of the street. The soil between the curb and appellants' property line was not disturbed further than was necessary to dig the trench for the curbing. The four-and-a-half-foot cut was about two-thirds of the way from Moss avenue to Seventh avenue, where the knoll or hump most impeded public travel. The removal of the knoll or hump gave the street a uniform grade or incline from Moss to Seventh avenue. After the improvement the sod, clay and gravel on appellants' premises became broken and washed down in a number of places, leaving in the easterly side of said lot a number of gullies. Before the street was improved appellants' evidence shows that the premises ·had been kept in first-class shape, but appellee introduced evi-

dence showing that appellants had kept a man to look after and care for the same, and that after the improvement was made they permitted the premises to become neglected. Appellants introduced testimony tending to show that the market value of the premises had been impaired or depreciated on account of the improvement in the street, and appellee introduced evidence tending to show that the premises were worth as much after the improvement as before. Appellee also introduced testimony tending to show that the sliding of the soil and the injuries complained of could have been prevented at a small expense to appellants.

Nothing is said in the briefs about the second plea, wherein it was alleged appellants were not the owners of the real estate affected by the improvement complained of. As it was filed with the general issue it was obnoxious to special demurrer, and being traversed or denied it amounted only to surplusage, for the reason that in actions on the case the general issue requires the plaintiff to prove his case as laid in the declaration, and admits in defense proof of any matter which shows the cause of action has been discharged, or that in equity or good conscience the plaintiff ought not to recover. 2 Greenleaf, sec. 231; City of Chicago v. Babcock, 143 Ill. 358; Kapischki v. Koch, 180 Ill. 44; Chicago, Wilmington & Vermillion Coal Co. v. Peterson, 45 Ill. App. 507; Papke v. Hammond Co., 192 Ill. 631. To this rule there are, however, some exceptions, such as the Statute of Limitations; justification in an action of slander by alleging the truth of the words; and a retaking on a fresh pursuit of a prisoner escaped, etc. City of Chicago v. Babcock, *supra*. The Statute of Limitations specially pleaded in this case was not supported by the proof, as the evidence shows that the injury complained of was done in 1900 and the suit was begun April 23, 1904.

The only errors urged by counsel for appellants are, that the verdict is against the weight of the evidence; that the court erred in refusing appellants' refused

instruction No. 2, and in giving appellee's second instruction. The measure of damages in this case is the difference between the fair cash market value of the real estate involved just before or at the time of the improvement and the fair cash market value thereof immediately afterwards. As is usually the case in a controversy of this character there was a great difference of opinion of the witnesses as to the effect of the improvement upon the market value of the property. Some of appellants' witnesses testified that the premises were depreciated by reason of the cutting down and grading of the street from $1,000 to $2,000, while a number of witnesses for appellee testified that the premises were worth as much after the improvement as before. The testimony in this case as to whether the property was or was not reduced in its fair cash market value by the improvement made by appellee upon the street is in a state of hopeless conflict. The value of land under such conditions is purely a question of fact to be determined by the jury from the particular circumstances of each case, and no general rule can be laid down applicable to all cases alike. Where in any case the opinions of the witnesses themselves are conflicting and wholly irreconcilable, and there is sufficient evidence upon which a verdict may be sustained, as there is in this case, the court ought not to disturb it, unless the verdict is clearly against the weight of the evidence. The conflict in the evidence in this case was within the province of the jury to reconcile and to determine where the truth was. Besides, this verdict has been approved by the judge who presided at the trial and observed the witnesses, and his opportunities for passing upon the testimony was superior to ours, and we do not feel warranted in saying that he, too, reached a wrong conclusion in overruling the motion for a new trial on that ground.

Appellants' second refused instruction complained of was to the effect that the jury in arriving at their

656    APPELLATE COURTS OF ILLINOIS.

VOL. 132.]    Chicago, Rock Island & Pacific Ry. Co. v. Hirsch.

verdict might take into consideration future damages the premises might suffer. The rule is well settled that nothing should be allowed for imaginary or speculative damages, or such remote damages as may or may not occur in the future. It must be assumed that a prospective buyer would see the future of the property, and that the witness took this into consideration, as well as its present condition, in forming their opinions as to values or amount of damages. All that is proper in this instruction is however fully embraced in appellants' second given instruction. There was no error in refusing to give this instruction.

Appellants' only objection to appellee's second instruction is, that there was no evidence in the record on which to base it. We think the objection is not meritorious for the reason that from an examination of the record we find at least two witnesses who testified to facts upon which this instruction might be based.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*