**Leo G. Lauzen, Plaintiff-Appellant, v. Violet Lauzen, Defendant-Appellee.**

**Gen. No. 66–112.**

Second District.

April 10, 1967.

Thomas A. Mass, Jr., of Chicago, for appellant.

Reid, Ochsenschlager, Murphy and Hupp, and Stephen J. Mrkvicka, all of Aurora, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of Kane County wherein the court awarded defendant attorneys' fees and denied plaintiff attorneys' fees. The appeal before us is solely on the question of attorneys' fees.

On January 9, 1963, the Circuit Court of Kane County entered a decree of divorce in favor of Leo G. Lauzen, plaintiff herein, and against Violet Lauzen, the defendant,

providing, among other things, that custody of the four minor children, ranging in age from 12 to 4 years, be awarded to defendant with liberal visitation rights granted to plaintiff. A property settlement agreement was incorporated into the decree which provided for the payment of $1,000 per month for the support of the minor children. It appears that subsequent to the divorce the four children refused to visit with their father. Plaintiff thereupon petitioned the court for a modification of the decree seeking a change of custody, or in the alternate, specific visitation rights. Between February 19, 1965, and July 15, 1966, plaintiff filed numerous petitions seeking a change of custody, attorneys' fees, a rule to show cause, visitation rights and modification of the support payments. Some 20 orders were entered during this period. Subsequently, the support money was reduced by 25% for failure to comply with the order of visitation. However, the rule to show cause was dismissed after hearing and a stipulation that the defendant had done nothing to discourage plaintiff's rights was entered.

The court entered an order allowing the defendant $3,000 for attorneys' fees and $343.05 costs, from which the plaintiff appeals.

Plaintiff's theory of the case is that the attorneys' fees should not have been allowed to the defendant, but that they should have been allowed to him. In support of this theory the plaintiff asserts there was a failure to prove the essential elements which go to determine the amount of fees; that the record demonstrates that the defendant's ability to pay is greater than the plaintiff's, and lastly, that the defendant's resistance to the various petitions of the plaintiff was not made in good faith.

 The awarding of attorneys' fees lies within the sound discretion of the court. Roback v. Roback, 59 Ill

App2d 222, 231, 207 NE2d 130; Jones v. Jones, 48 Ill App2d 232, 239, 198 NE2d 195. However, the amount of fees depends on the consideration of a number of factors including the nature of the controversy, the questions at issue, the significance or importance of the subject matter, the degree of responsibility involved, the standing and skill of the person employed, and the time and labor involved. Roback v. Roback, ibid. The courts may use the knowledge they have acquired in the discharge of professional duties as to the value of legal services rendered. Richheimer v. Richheimer, 59 Ill App2d 354, 365, 207 NE2d 130.

The defendant's attorney testified that he had practiced law for approximately 30 years before Federal and State Courts; that he had approximately 240 hours of time expended on this proceeding; that he had an A rating in Martindale-Hubbell; that the fair value of the services was at the rate of $50 per hour. Plaintiff's attorney concedes that the office records indicate 167 hours of time and that the reasonable customary charges made in cases of this nature are at the rate of $20 to $25 per hour for office work and $30 to $35 per hour for court time. It is interesting to note that the petition by the plaintiff for fees indicates that approximately 200 hours were expended on the proceeding and that the customary, reasonable charge for this is $25 an hour for office work and $35 an hour for court appearances.

Everett Jordan, an attorney with 33 years of experience, testified as an expert and in response to a hypothetical question indicated the value of the services to be $25 an hour for office work and $50 an hour for court appearances.

In the light of these proofs it would appear there was more than adequate testimony to support the allowance of fees by the trial court together with the costs advanced.

■ ■ Plaintiff next contends that the defendant's ability to pay attorneys' fees is greater than his ability to do so, and therefore, plaintiff should not be charged with the attorneys' fees of defendant. A wife who is more financially able than her husband to pay her attorneys' fees and expenses should not be allowed to recover from him. The rule is that the controlling factor in determining the granting of fees is the inability of the husband to pay and the ability of the wife to do so. Jones v. Jones, supra, page 239. The evidence herein discloses the plaintiff's income as $31,000 a year and he pays, as a result of the modified order, $9,000 a year to his former wife for her support and the support of the four children. The support money is the only income defendant receives. From this amount she pays income tax, real estate taxes, house payments, utilities, food and clothing and family living expenses. For the year 1965 she received $11,568 from the plaintiff and her expenditures were in the sum of $12,753.63. From these figures it is apparent that the defendant is unable to pay the attorneys' fees. The plaintiff's earnings for the year 1965 amount to $30,600 from which he paid defendant $11,568; $4,800 on a stock loss; mortgage payments of $4,500; life insurance of $500; real estate and personal taxes of $700 and social security of $200. We question the propriety of charging in this computation the payment on the stock loss of $4,800, which in effect leaves the plaintiff with the sum of approximately $13,-100 to provide his family living expenses, he having remarried. This amount should provide for his family's living expenses. From this we are of the opinion that the plaintiff has the ability to pay and the defendant does not.

Plaintiff finally contends that the defendant was not in the exercise of good faith in seeking to defend the right of visitation which the court had ordered for him.

In Baumgartner v. Baumgartner, 16 Ill App2d 286, 294a, 148 NE2d 327, a separate maintenance action where the parties were living together was held not to be filed in good faith and attorneys' fees were disallowed. Plaintiff urges that in good conscience and equity a father should not be required to pay his former wife's fees in seeking the enforcement of his right to visitation, nor is it necessary for the wife to retain counsel for her defense. We are sympathetic with this principle. However, the original petition filed was not limited to merely visitation but sought, in addition, a change in custody because of the children's association with people apparently not approved of by the plaintiff. It is difficult to comprehend what mother, under these circumstances, would not seek legal aid.

██ We conclude in light of the many petitions filed and the relief sought that the defendant was exercising good faith in the defense of her position, particularly when the plaintiff concedes, and the court found, that she did not interfere or influence the children in their refusal to visit with the plaintiff. The order of the trial court is therefore affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.