DMI, INC., Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSURANCE COMPANY *et al.*, Defendants-Appellees.

Third District   No. 79-445

Opinion filed March 18, 1980.

Dean B. Rhoads, of Sutkowski & Washkuhn Associates, of Peoria, for appellant.

James B. Lewis, of Peoria, for appellee Country Mutual Insurance Company.

Robert C. Jenkins, of Sycamore, for appellees Wayne Taylor and Lloyd Taylor.

Mr. JUSTICE SCOTT delivered the opinion of the court:

LaVerne Smith was injured on May 26, 1975, when the hose on an anhydrous ammonia applicator ruptured. The applicator and hose were furnished to Smith by Wayne Taylor and Lloyd Taylor. Smith suffered injuries to his eyes and, on September 8, 1975, brought suit in the circuit court of DeKalb County against the Taylors to recover damages.

Country Mutual Insurance Company undertook to defend the Taylors in the September 8, 1975, action pursuant to a policy of insurance

issued to one of the defendants therein, Wayne Taylor. Subsequently the DeKalb County circuit court entered a temporary restraining order requiring the Taylors to "refrain from repairing, altering, tampering with, or otherwise changing from its present condition the anhydrous ammonia applicator, or any component part thereof, which was furnished to the plaintiff, LaVerne Smith, and which caused injury to the plaintiff on May 26, 1975." Sometime thereafter, either Country Mutual or the Taylors lost the ruptured hose.

After it was determined that the hose had been lost, Smith amended his original complaint to name the manufacturer of the hose, DMI, Inc., as an additional party defendant. DMI responded by bringing this separate action against the Taylors and Country Mutual in the circuit court of Peoria County. In this second action DMI alleges that it has been damaged by the loss of the ruptured hose in that it is unable to present a "good and meritorious and substantial defense" to the claims of plaintiff Smith in the DeKalb County lawsuit. The relief which DMI seeks in the Peoria County action includes money damages and a declaratory judgment finding the defendants liable to DMI for all sums it may become obligated to pay as a result of Smith's personal injury action. The trial court dismissed the corporate plaintiff's complaint and refused to grant leave to amend.

All parties agreed that amendments should be permitted unless the defects in the complaint cannot be cured. (*Miller v. Enslen* (1978), 60 Ill. App. 3d 865, 377 N.E.2d 282.) Thus the issue is, can DMI in any way amend its complaint to state a cause of action at this time?

■■ DMI argues in its brief that its complaint is based on negligence. It cites *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617, *Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538, and *Agee v. First National Bank of Maywood* (1979), 68 Ill. App. 3d 794, 386 N.E.2d 899, for the proposition that three elements must be alleged to set out a prima facie case of negligence. The three elements, according to DMI's brief, are (1) the existence of a duty owed by Country Mutual and the Taylors to DMI; (2) a breach of that duty; and (3) an injury proximately resulting from that breach. Without determining whether these facts could ever state a cause of action, we think it is clear that at this stage in the progress of the DeKalb County action, DMI's injuries are too uncertain and too speculative to support the complaint in question. Whether there might eventually be recovery under these facts is an issue not today ripe for our consideration, but it is our decision that an action now is premature.

This court, because of its training and experience, may properly take judicial notice of the vagaries of litigation. (*Bowman v. Illinois Central R.R. Co.* (1956), 9 Ill. App. 2d 182, 132 N.E.2d 558, *rev'd on other grounds* (1957), 11 Ill. 2d 186, 142 N.E.2d 104, *cert. denied* (1957), 355 U.S. 837, 2 L. Ed. 2d 49, 78 S. Ct. 63; *Secco v. Chicago Transit Authority* (1954), 2 Ill.

App. 2d 239, 119 N.E.2d 471; *Morrissey v. Morrissey* (1939), 299 Ill. App. 173, 19 N.E.2d 835; *Lauzen v. Lauzen* (1967), 81 Ill. App. 2d 472, 225 N.E.2d 427.) In so doing, we must conclude as did the court below that DMI's injury is now so contingent, so uncertain, and so speculative as to defy any legally acceptable estimation. Any recovery by DMI against the Peoria County defendants is dependent upon the unheard proof of the plaintiff Smith. Indeed, the allegation of damage in Smith's complaint does not even command the respect of an instrument verified under oath.[1]

■■ It is well settled that nothing can be allowed for imaginary or speculative damages. (*Newton v. City of Peoria* (1907), 132 Ill. App. 651.) Unless the nature and extent of damages can be proved with reasonable certainty, the award cannot be sustained. (*Chicago & Milwaukee Electric Ry. Co. v. Ullrich* (1904), 213 Ill. 170, 72 N.E. 815.) And here, where the facts alleged demonstrate that any damage is yet a mere possibility, it was no error to dismiss the complaint as untimely filed.

The case cited by DMI in its brief, *Philpot v. Taylor* (1874), 75 Ill. 309, does not suggest a different result. There the plaintiff, Abner Taylor, brought suit against Bryan Philpot and Henry E. Pickett to recover the charges and expenses incurred in defending litigation necessitated by the wrongful acts of Philpot and Pickett. Taylor's cause of action was sustained, but only after the necessary litigation was concluded, and after his damages were determined with reasonable certainty.

On appeal DMI suggests that merely being named as a party defendant calumniates the quality of DMI products and thus results in present damage. Regardless of the correctness of that allegation, it is absent from the complaint set forth in the record on appeal and will not here be considered.

■■ Finally, we hold that DMI's attempt to prosecute its request for indemnity within the statutory procedure for declaratory judgments (Ill. Rev. Stat. 1977, ch. 110, par. 57.1) failed to cure its susceptibility to dismissal. Other courts have previously determined that declaratory judgments for indemnity actions may be premature until a judgment on the underlying claim is final. (*Andrews v. Porter* (1966), 70 Ill. App. 2d 202, 217 N.E.2d 305, *aff'd sub nom. Andrews v. City of Chicago* (1967), 37 Ill. 2d 309, 226 N.E.2d 597.) We believe that rule applies with similar force to the facts of the case at bar.

For the reasons stated and in reliance upon the authorities set forth above, the circuit court's dismissal of DMI's complaint is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.

---

[1] See 2 Nichols, Illinois Civil Practice §827 (1979), where the effect of verification is discussed.