EDWARD N. GAY, Plaintiff, *v.* OPEN KITCHENS, INC., *et al.*, Defendants.—
(OPEN KITCHENS, INC., Third-Party Plaintiff-Appellant, *v.* GULLO
INTERNATIONAL, Third-Party Defendant-Appellee.)

First District (3rd Division)    Nos. 79-867, 80-087, cons.

Opinion filed September 30, 1981.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas R. Nelson, and Daniel J. O'Connor, of counsel), for appellant.

Frank Glazer, Ltd., of Chicago (Frank Glazer and Harry Ray Chiles, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE RIZZI delivered the opinion of the court:

This case involves an appeal by plaintiff, Edward N. Gay, and an appeal by defendant, Open Kitchens, Inc. The appeals were consolidated.

Plaintiff brought a personal injury action against defendants Open Kitchens, Inc., and Gullo International. Summary judgment was entered in favor of Gullo and against plaintiff. Subsequently, plaintiff filed a section 72 petition to vacate the summary judgment, which was denied. Plaintiff appeals from the summary judgment in favor of Gullo and from the order denying his section 72 petition.

After the summary judgment in favor of Gullo and against plaintiff had been granted, Open Kitchens filed a third-party action against Gullo predicated on theories of contractual indemnity and indemnity based on active/passive negligence. Summary judgment was entered in favor of Gullo and against Open Kitchens. Open Kitchens filed a motion to vacate this summary judgment and for leave to amend the third-party complaint, which was denied. Open Kitchens also filed a section 72 petition to vacate the summary judgment entered in favor of Gullo and against plaintiff. The section 72 petition was denied. Open Kitchens appeals from the summary judgment in favor of Gullo and against Open Kitchens, from the order denying its motion to vacate the summary judgment and for leave to amend the third-party complaint, and from the denial of its section 72 petition.

We strike plaintiff's appeal from the summary judgment in favor of Gullo and affirm the denial of plaintiff's section 72 petition. Also, we reverse the summary judgment in favor of Gullo and against Open Kitchens, reverse the order denying Open Kitchens' motion for leave to file its amended third-party complaint and affirm the order denying Open Kitchens' section 72 petition.

Plaintiff was injured on June 22, 1975, when he fell into a ramp-pit adjacent to a loading dock. In a separate count against Gullo, plaintiff alleged that Gullo was the general contractor for the construction of the premises where the accident occurred, and that Gullo was negligent because it failed to provide a restraining type chain to safeguard the loading dock area and failed to comply with OSHA standards. In a separate count against Open Kitchens, plaintiff alleged that Open Kitchens owned and maintained the premises where the accident occurred, and that Open Kitchens was negligent because it failed to properly fence off the ramp-pit area and failed to comply with unspecified OSHA standards.

Gullo filed a motion for summary judgment. The motion was

supported by an affidavit signed by Gullo's president. According to the affidavit, Gullo did not construct and/or install a restraining type chain; the construction contract did not provide for such a chain; and Gullo had no obligation to construct and/or install any restraining type chain. The motion was set for hearing on a subsequent date. Plaintiff did not file any documents opposing the motion, and neither plaintiff nor Open Kitchens appeared on the day the motion was set for hearing. The motion for summary judgment in favor of Gullo and against plaintiff was therefore granted without opposition.

Almost two months later, Open Kitchens filed a third-party complaint against Gullo in which it pleaded a right to indemnity based upon contract and upon the theory of active/passive negligence. Gullo filed a motion for summary judgment in the third-party action. Generally, Gullo relied on the doctrine of collateral estoppel and contended that since summary judgment had been entered in its favor and against plaintiff, it could not be liable to Open Kitchens in the third-party action. The motion for summary judgment in the third-party action was granted.

Within the next two weeks, Open Kitchens filed a motion to vacate the summary judgment in favor of Gullo and against Open Kitchens, and it moved for leave to amend its third-party complaint to allege a breach of implied warranty action. The motion was denied. Open Kitchens then filed a section 72 petition in which it sought to vacate the summary judgment entered in favor of Gullo and against plaintiff. The petition was denied.

■■ We first address the issues raised by plaintiff. Initially, plaintiff argues that Gullo was not entitled to summary judgment against him because of the insufficiency of the affidavit filed by Gullo in support of its motion for summary judgment. The summary judgment was entered on February 14, 1978, and it states that there was no just reason to delay enforcement or appeal. Thus, plaintiff had 30 days from that date to file his notice of appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a).) However, plaintiff did not file his notice of appeal until January 7, 1980, well beyond the 30 day limit. Accordingly, we lack jurisdiction to consider plaintiff's appeal from the summary judgment in favor of Gullo and against plaintiff, and that appeal is stricken. ‿

Next, plaintiff contends that the court erred in denying his section 72 petition to vacate the summary judgment because of the insufficiency of the affidavit filed by Gullo. However, nowhere in his petition or brief does plaintiff present any facts which could not have been presented to the trial court at the time the summary judgment was entered. The purpose of a section 72 petition is to permit a party to bring before the trial court facts which, if known to the court at the time the judgment was entered, would have precluded entry of the judgment. (*Lilly v. County of*

*Cook* (1978), 60 Ill. App. 3d 573, 576, 377 N.E.2d 136, 139 (1978); *McKnelly v. McKnelly* (1976), 38 Ill. App. 3d 637, 639, 348 N.E.2d 500, 502.) Also, a section 72 petition proceeding cannot be utilized to review judgments from which the party could have taken a timely appeal. (*Wells v. Kern* (1975), 25 Ill. App. 3d 93, 97, 322 N.E.2d 496, 499.) Therefore, plaintiff's contention that the court erred in denying his section 72 petition to vacate the summary judgment in favor of Gullo is unavailing.

We next address the issues raised on appeal by Open Kitchens. We first consider whether the summary judgment in favor of Gullo and against Open Kitchens is proper and whether Open Kitchens should be given leave to amend its third-party complaint to allege a breach of implied warranty action. Gullo contends that since summary judgment was entered in favor of Gullo and against plaintiff, the doctrine of collateral estoppel precludes Open Kitchens from pursuing the third-party action against Gullo. Specifically, Gullo claims that Open Kitchens cannot seek indemnity from it because Open Kitchens is estopped from "relitigating" the issue of whether Gullo was negligent.

■■■ A prior judgment may serve as a collateral estoppel only when the party against whom it is applied had an effective opportunity to litigate the issue in the prior action. (See *Franciscy v. Jordan* (1963), 43 Ill. App. 2d 344, 354, 193 N.E.2d 219, 223-24.) Thus, in this sense, it is an estoppel *in pais* and, therefore, an equitable estoppel, subject to equitable principles. Here, although Open Kitchens had notice of plaintiff's motion for summary judgment against Gullo, there was no third-party action pending against Gullo at the time the motion was ruled upon. At that time, Open Kitchens and Gullo were not in adversary positions either legally or in fact. As a result, Open Kitchens had no right to appeal the summary judgment in favor of Gullo and against plaintiff. Thus, if that summary judgment were to collaterally estop Open Kitchens as to its claims against Gullo, then Open Kitchens' rights against Gullo were adjudicated with no right of review, which would clearly be an unjust result. Also, it would be contrary to the doctrine that the application of collateral estoppel depends on broad principles of justice, and that it should be applied only where the party against whom it is invoked had his day in court with a full opportunity to establish his claim. (See *Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 38, 205 N.E.2d 786, 790.) It follows that under the circumstances here, the summary judgment in favor of Gullo and against plaintiff cannot serve as a collateral estoppel in Open Kitchens' action against Gullo.

Moreover, in considering this contention, the doctrine of collateral estoppel must be distinguished from the doctrine of *res judicata*. A judgment serves as *res judicata* with respect to those allegations that were raised or could have been raised in a prior proceeding in which a

judgment has been entered. However, a prior judgment can operate as a collateral estoppel only as to those issues and specific allegations that were actually controverted in the first proceeding. Thus, a judgment can serve as a collateral estoppel in a subsequent proceeding only if the issue is the same and is based on the same allegations. Here, there are allegations in the third-party complaint and particularly in the proposed third-party amended complaint which were not made against Gullo in plaintiff's complaint, and which, if proven, could require Gullo to indemnify Open Kitchens. For this additional reason, if Open Kitchens can prove that Gullo was negligent or breached an implied warranty based on allegations of negligence or breach of implied warranties which were not contained in plaintiff's complaint against Gullo, then Open Kitchens may be entitled to indemnity from Gullo notwithstanding the summary judgment entered in favor of Gullo and against plaintiff. This is consistent with the principle that the doctrine of collateral estoppel can only be invoked where the party against whom it is asserted has had his day in court and a full opportunity to establish his claim or defense. (*Chas. Ind Co. v. Cecil B. Wood, Inc.* (1965), 56 Ill. App. 2d 30, 38, 205 N.E.2d 786, 790.) In addition, while the purpose of the doctrine is to prevent a party from litigating the same issue twice, it should not be used to preclude a party from litigating the matter at all.

■■■ We therefore conclude that Gullo's contention that it is entitled to summary judgment against Open Kitchens on the basis of collateral estoppel is untenable. (But see *Karon v. E. H. Marhoeffer, Jr. Co.* (1973), 14 Ill. App. 3d 274, 302 N.E.2d 478.) The trial court erred in granting Gullo's motion for summary judgment against Open Kitchens and in denying Open Kitchens' motion for leave to amend its third-party complaint to allege a breach of implied warranty action.

■■ The remaining issue concerns Open Kitchens' section 72 petition to vacate the summary judgment entered in favor of Gullo and against plaintiff. We conclude that since Open Kitchens was not a party to that judgment, it had no standing to seek section 72 relief from the judgment. Thus, the trial court properly denied the section 72 petition.

Accordingly, plaintiff's appeal from the summary judgment in favor of Gullo and against plaintiff is stricken, and the denial of plaintiff's section 72 petition is affirmed. Also, the summary judgment in favor of Gullo and against Open Kitchens is reversed, the order denying Open Kitchens' motion for leave to amend its third-party complaint is reversed, and the order denying Open Kitchens' section 72 petition is affirmed. The case is remanded for further proceedings consistent with what is stated herein.

Affirmed in part, reversed in part and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.