ROBERT C. PECHOUS, Third-Party Plaintiff-Appellant, *v.* FIELD ENTERPRISES, INC., *et al.*, Third-Party Defendants-Appellees.

First District (2nd Division)   No. 82—830

Opinion filed May 10, 1983.

James E. Gierach and Robert M. Winter, both of Gierach & Schussler, Ltd., of Oak Lawn, for appellant.

A. Daniel Feldman, Steven R. Gilford, and Rebecca J. Lauer, all of Chicago, for appellees.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Appellant, Robert C. Pechous, appeals from the dismissal of his third-party complaint in which he sought equitable apportionment from his codefendants in a defamation suit for any damages which may be assessed against him. The facts of the underlying defamation action are briefly summarized before outlining the third-party complaint which is the basis of this appeal.

On June 28, 1976, seven aldermen on the Berwyn City Council brought a defamation acton against Pechous, who at the time of the incident was the city clerk, for statements that he uttered at a council

meeting and for statements made to defendant Mark Fineman, a reporter employed by defendant Field Enterprises, Inc. The statements made by Pechous to Fineman regarding the awarding of a garbage collection contract by the city council were printed in an article in the May 12-13, 1976, edition of a weekly supplement to the Chicago Sun-Times published by Field. The aldermen appealed the grant of a summary judgment in favor of all defendants. This court held that actual malice was not shown on the part of Field and Fineman and thus the article was privileged under *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710. The dismissal of Pechous was reversed because this court found, and our supreme court agreed, that Pechous acted with actual malice, that is, with reckless disregard of whether a statement he made was true or false, and his comments were not privileged. *Catalano v. Pechous* (1978), 69 Ill. App. 3d 797, 387 N.E.2d 714, *aff'd* (1980), 83 Ill. 2d 146, 419 N.E.2d 350, *cert. denied* (1981), 451 U.S. 911, 68 L. Ed. 2d 300, 101 S. Ct. 1981.

After the case was remanded to the trial court for a resolution of the issue of damages, Pechous filed a third-party complaint against Fineman and Field in which he alleged that by publishing the May 12 article they enhanced any damages plaintiffs may recover against him by altering and transforming the information he gave to Fineman. Pechous named six specific ways in which he claimed Field and Fineman "aggravated and substantially increased the harm and damage to the plaintiffs, if any, by [their] contorted report of misquotation, material omission and editorial addition." Field moved to dismiss the third-party complaint pursuant to sections 45 and 48(1)(d) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 45, 48(1)(d)), now codified as sections 2—615 and 2—619(a)(4) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619(a)(4)), and the trial court dismissed the action. Trial on the aldermen's damage claim against Pechous has been stayed pending this appeal of the dismissal of the third-party complaint.

Pechous bases his third-party action upon the theory of equitable apportionment, as enunciated in *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 302 N.E.2d 40. In that case, a negligent motorist who injured the plaintiff sought indemnity from a third-party physician for that portion of the plaintiff's damages which was caused by the physician's malpractice. Our supreme court recognized the motorist's right to bring the action, saying that to deny the claim would be to allow the physician an indefensible enrichment at the motorist's expense. (*Gertz v. Campbell* (1973), 55 Ill. 2d 84, 91-92.) Pechous claims that the the-

ory of equitable apportionment is applicable to his action because Field's article has enhanced plaintiffs' damages and Field must be made to answer for the additions, omissions and interpretations contained in the article. He and Field are successive tortfeasors, Pechous argues, because the words spoken at the city council meeting and the publication of the article occurred at different times and he remains liable to plaintiffs for all foreseeable damage his actions caused.

■ Without commenting on the appropriateness of the theory of equitable apportionment to this particular set of facts, we affirm the trial court's dismissal of the action by reason of the principle of collateral estoppel. This principle bars relitigation of matters previously decided in a subsequent action which alleges a different cause of action. (*Pierog v. H. F. Karl Contractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1060, 351 N.E.2d 249, *appeal denied* (1976), 63 Ill. 2d 562.) Pechous argues that he was not an adversary of Field's in the underlying action, as no counterclaim was filed, no liability between the two was ever litigated, and in fact each argued compatible defenses. The supreme and appellate courts' decisions which found Field did not act with actual malice, Pechous contends, were only based upon the aldermen's allegations. Pechous claims that in his third-party complaint he is alleging different acts of wrongdoing in order to establish the actual malice of Field.

As support for his contention that collateral estoppel should not be applied here, Pechous relies upon *Gay v. Open Kitchens, Inc.* (1981), 100 Ill. App. 3d 968, 427 N.E.2d 338, *appeal denied* (1982), 88 Ill. 2d 550. In that case, the appellate court held that the third-party plaintiff might be able to recover on the theory of indemnity if it could prove the allegations which were not contained in the original suit, in spite of the summary judgment that was rendered in the previous suit. (*Gay v. Open Kitchens, Inc.* (1981), 100 Ill. App. 3d 968, 972.) Here, the theory of recovery which is advanced, equitable apportionment, is premised upon the fact that Pechous and Field are successive tortfeasors, and a finding by both the appellate and supreme courts that Field is not liable to plaintiffs prevents application of that theory. As stated in *Gay*, "a prior judgment can operate as a collateral estoppel only as to those issues and specific allegations that were actually controverted in the first proceeding." (*Gay v. Open Kitchens, Inc.* (1981), 100 Ill. App. 3d 968, 972.) The issue and allegations regarding Field's liability for the May 12 article were involved in plaintiff's underlying defamation action and have already been resolved.

■ The doctrine of collateral estoppel, like *res judicata*, is founded upon the policy that a question once determined by a court

should be considered final and conclusive on the parties. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 201, 64 N.E.2d 450.) When some specific fact or question has been directly in issue and decided upon, and the same fact or question is again put into issue by the same parties or their privies, the former adjudication is conclusive on the parties whether or not the cause of action is the same; further, the parties need not have been arrayed on opposite sides in the prior suit, nor must formal issues have been raised between them. (*Lynch v. Chicago Transit Authority* (1965), 62 Ill. App. 2d 220, 222, 210 N.E.2d 792.) The issue that Pechous is attempting to relitigate here is Field's actual malice in publishing the article, and this issue is barred by the previous decisions in this case. These decisions establish the law applicable to this case. Because Field has been held to be nonliable to plaintiffs, Pechous is now prevented from recovering under the theory of equitable apportionment between successive tortfeasors. The complaint was properly dismissed.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.