LORETTA ESWORTHY, Indiv. and as Special Adm'r of the Estate of Monte Ferguson, Deceased, Plaintiff, v. NORFOLK AND WESTERN RAILWAY COMPANY, Defendant and Third–Party Plaintiff-Appellant (Paul McDaniels *et al.*, Third–Party Defendants-Appellees).

Fourth District   No. 4—87—0271

Opinion filed February 25, 1988.

Brian L. McPheters, of Hatch, Blockman, McPheters, Fehrenbacher & Lyke, of Champaign, for appellant.

Thomas M. Barger III, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee Pauletta Sanders.

Brett Kepley, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellees Paul McDaniels and Vivian McDaniels.

Jay S. Judge, Sarah Hansen Sotos, and Janella L. Barbrow, all of Judge & Knight, Ltd., of Park Ridge, for appellee City of Homer.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Loretta Esworthy filed a complaint in the circuit court of Champaign County against defendant Norfolk and Western Railway Company in her capacity as special administrator of the estate of her son who was killed in an auto-train collision when he drove his automobile over a train crossing of the defendant. Defendant then filed a third-party complaint for contribution against four others—Paul and Vivian McDaniels, Pauletta Sanders and the city of Homer (city)—alleging the third-party defendants owned or maintained property next to the railway line where growing trees obstructed the visibility of the deceased and caused him to drive across the railroad crossing in front of defendant's train despite the existence of operating flashing warning lights. Plaintiff also added the city and the McDanielses as defendants.

The third-party defendants filed motions to dismiss the third-party complaint and plaintiff's action against them claiming both failed to state a cause of action. The trial court found the third-party defendants owed no duty to the deceased and dismissed with prejudice both complaints filed against them. Both plaintiff and defendant filed motions to reconsider and motions for leave to amend their complaints against the third-party defendants. These motions were all denied. Defendant appeals only from the dismissal of its third-party complaint and the denial of its motion for leave to file an amended third-party complaint. Neither the defendant nor the plaintiff appealed from the

dismissal of plaintiff's complaint against the same parties. We agree with the trial court's finding that the third parties owed no duty to the plaintiff's decedent and, hence, could not be liable to the defendants in an action for contribution. We also find defendant is collaterally estopped from raising the issue of the negligence of these parties as joint tortfeasors in its third-party complaint. The issue of their negligence was determined previously in the trial court's dismissal of the plaintiff's complaint against them which was expressly found to be a final and appealable order. We affirm.

On February 3, 1985, plaintiff's decedent was driving south on Ellen Street in the city of Homer, Champaign County, Illinois. As his car was traveling over the railroad tracks crossing Ellen Street at grade level, it was struck by an eastbound Norfolk and Western train. He died the next day of injuries sustained in the accident. The grade crossing was protected by luminous, flashing warning lights and signs which were operating at the time of the accident but there were no automatic gates at the crossing to block highway traffic. The tracks ran in a roughly east-west direction at the crossing. On the northern boundary of defendant's right-of-way west of Ellen Street was a row of coniferous trees whose trunks were generally parallel to the main line tracks.

It was alleged by both the third-party complaint and the original complaint these trees blocked the view down the tracks of motorists approaching the crossing. It was plaintiff's theory that because the crossing and its immediate approaches were icy and steep, the decedent had to approach the crossing at a higher than normal speed in order to make it over the crossing and the trees blocked his vision of oncoming trains until he was on top of the crossing and it was too late to stop. It was also alleged in her complaint the warning lights at the crossing often operated even when there was no train approaching and it was her theory decedent doubted the authenticity of the warning and approached the crossing anyway, relying on visibility down the tracks to determine whether a train was actually approaching.

Defendant was granted leave to file its third-party complaint against the city, Sanders and the McDanielses pursuant to the provisions of the Contribution Act (Ill. Rev. Stat. 1985, ch. 70, pars. 301 through 305). This complaint alleged the row of trees was planted for ornamental purposes after the installation of the railroad tracks rather than growing naturally and that on February 3, 1985, and for some time prior thereto, some of the branches of those trees extended onto the northern portion of its right-of-way. The complaint alleged

the owner or maintainer of the trees owed a duty to the decedent and other southbound motorists on Ellen Street to prevent an unreasonable risk of harm by keeping the visibility clear to the west for approaching train traffic and to remove overhanging tree branches from the coniferous trees which would obscure motorists' visibility. The third-party complaint alleged alternative ownership of the trees in either the McDanielses with Sanders as their agent or in the city due to the trees' location on an undeveloped piece of land dedicated to the city as the right-of-way for "Randolph Street."

Plaintiff was granted leave to amend her complaint to add as additional parties defendant the city and the McDanielses, using the same theories of liability as set forth in the third-party complaint. All four of the third parties filed motions to dismiss the respective complaints directed against them. They all alleged the complaints failed to state a cause of action against them as they owed no duty as property owners or possessors to trim trees purportedly obscuring the vision of adjacent highway travelers at a railway crossing. The trial court agreed and dismissed both complaints with prejudice. Motions for rehearing filed by both plaintiff and defendant were denied as were motions for leave to file amended complaints. The dismissals of both complaints were made final with no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304 (107 Ill. 2d R. 304).

■ Both in their motions to dismiss and in their appellate arguments, the various third parties have argued extensively over who actually owns the land containing the trees in question. We find that question is immaterial. There is no duty owed in Illinois for trees obstructing visibility of motorists on an adjoining highway by either a municipal landowner or a private one at a controlled intersection and the visibility of the traffic controls has not been obstructed. This court has previously been faced with this issue in regard to municipalities and found there to be no authority for imposing such a duty. (*Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 341, 431 N.E.2d 62, 67.) It has been imposed only in the presence of statutory violations requiring the city to perform such a duty. (See *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.) In regard to private landowners, this court has recently held that, again in the absence of a statutory directive regarding foliage obstructing the vision of drivers, there is no duty in Illinois on the part of a landowner to remove foliage on his property so that motorists approaching an intersection can see other intersecting motorists when they can see traffic control devices. (*Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 512 N.E.2d 993.) These cases deal with intersecting streets as opposed to a street

intersecting with a railroad track, but defendant has not sought to distinguish them on those grounds and we see no reason to do so.

■■ ▌ In addition to an absence of duty on the part of landowners under these circumstances, we find defendant is collaterally estopped from raising this issue. This issue has already been decided by the trial court in a final order which was not appealed. In dismissing the plaintiff's complaint against the city and the McDanielses by stating it failed to state a cause of action against them as they owed no duty to decedent, the court determined these parties are not tortfeasors vis-a-vis the plaintiff. Thus, they are not capable of being joint tortfeasors vis-a-vis the defendant. They met their duty of care to the decedent and are not considered legally culpable. Thus, they may not be held liable to defendant for contribution. See *Northrup v. Allister Construction Co.* (1987), 163 Ill. App. 3d 221, 226.

Where the same issues and allegations have already been litigated through the granting of a summary judgment or dismissal, in this case for failure to state a cause of action, the third-party plaintiff is bound by that prior adjudication. (*Pechous v. Field Enterprises, Inc.* (1983), 114 Ill. App. 3d 605, 449 N.E.2d 243.) Even though plaintiff did not appeal the dismissal of her complaint against the city and the McDanielses, the defendant could have done so and had to in order to preserve the issue for further consideration. (See *Newark Electronics Corp. v. City of Chicago* (1970), 130 Ill. App. 2d 1021, 264 N.E.2d 868.) The rule as stated in *Newark*, a similar case involving an estoppel by verdict of an indemnity action, is that a party may appeal a ruling if he is injured thereby or will be benefited by a reversal. (130 Ill. App. 2d at 1027, 264 N.E.2d at 872.) Thus, the trial court's ruling the third-party defendants owed no duty to plaintiff's decedent, which we have found to be correct, is binding against defendant for purposes of its contribution action also.

■■ ▌ Finally, defendant claims the trial court erred in failing to grant it leave to file an amended third-party complaint. The proposed amended third-party complaint contained numerous allegations of violations of State statutes and ordinances of the city of Homer. Defendant claims this would bring its complaint into line with what was found to be a good cause of action against a municipality in *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326, and what was suggested as stating a good cause of action in *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 512 N.E.2d 993. However, a trial court's decision in refusing to permit amendments will only be reversed when it is shown there was a manifest abuse of discretion. (*Wilde v. First Federal Savings & Loan Association* (1985), 134 Ill.

App. 3d 722, 480 N.E.2d 1236.) Proposed amendments are properly not permitted where the defect in the complaint is not cured by the amendments. (*DMI, Inc. v. Country Mutual Insurance Co.* (1980), 82 Ill. App. 3d 113, 402 N.E.2d 805.) Here, it is clear the proposed amendment included statutes which had no bearing on the issue of foliage which did not touch a party to the accident causing injury nor intruded upon the roadway. The statutes did not correct the defects in the complaint. There was no abuse of discretion in the trial court's denial of the defendant's motion for leave to amend its third-party complaint.

We affirm.

Affirmed.

GREEN, P.J., and SPITZ, J., concur.