BENNY WILLIAMS, Plaintiff-Appellant, v. CALMARK MAILING SERVICE, INC., Defendant-Appellee.

First District (6th Division) No. 1—92—0298

Opinion filed December 30, 1992.

Reynolds & Baker, of Chicago (Gail P. Rosinski, of counsel), for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Sara T. Wiggs, Nancy J. Arnold, and David T. Nani, of counsel), for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

Plaintiff, Benny Williams, appeals from an order of the circuit court of Cook County granting the motion of defendant Calmark Mailing Service, Inc., for judgment on the pleadings, which alleged that defendant owed no duty to plaintiff. Plaintiff contends that a duty did exist.

This is a suit for personal injuries sustained by plaintiff on February 21, 1986, when his car collided with a freight train at the crossing near 1400 West 44th Street in Chicago. The plaintiff brought a three-count complaint of which the first two counts were against the railroad and the third count was against defendant. The complaint alleged in count I that the railroad was negligent in not warning motorists of approaching trains, operating trains too fast for conditions and having no gates at the crossing. Count II alleged a violation by the railroad of the Illinois Administrative Code in that it had provided no flashing lights or flag men to warn motorists of approaching trains at the crossing. This appeal does not involve these counts against the railroad.

In count III plaintiff alleged that defendant herein owned and maintained the premises at 1401 West 43rd Street and that the docks and parking for the property extended to 44th Street, directly west of the railroad tracks and grade crossing. The plaintiff predicated his claim against defendant on a theory that defendant owed a duty to operate its facility and premises in a manner to avoid creating a dangerous condition at the railroad crossing, and defendant breached this duty by permitting trailers to be parked in such a way as to obstruct plaintiff's view of the tracks.

Defendant answered the complaint denying the relevant allegations. Defendant also filed a motion for judgment on the pleadings alleging that it had no duty to plaintiff as set forth in a recent Illinois Supreme Court case, *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365. The trial court granted defendant's motion for judgment on the pleadings and denied plaintiff's motion to reconsider. Plaintiff appeals.

■■ In *Ziemba* the Illinois Supreme Court decided the issue of whether a landowner has a duty to maintain his property in such a manner· that his driveway is visible to travelers on an adjacent roadway. The plaintiff claimed that defendant owed plaintiff a duty to exercise "reasonable care in the conduct of activities on his property, so as to not cause damage or injury to persons on the adjacent roadway." The supreme court in *Ziemba* reversed the appellate court's decision that a duty existed based on the fact of the relationship of the parties. The plaintiff in *Ziemba* had never entered defendant's land, nor did he come into contact with any condition on defendant's land. The court found no duty of defendant to guard against an accident occurring on a public highway adjacent to his land.

In making its determination, the court in *Ziemba* found that overgrown foliage on defendant's property was not a condition that alone was dangerous and became so only when a vehicle negligently exited the hidden driveway. The conditions on defendant's land only posed a danger to plaintiff by operation of the driver's intervening negligent act. The court in *Ziemba* cited to cases that hold that landowners do not owe a duty to maintain their property in such a way that it does not obstruct the view of travelers on an adjacent highway. See *e.g., Abernathy v. Dynell Springs Co.* (1989), 179 Ill. App. 3d 138, 534 N.E.2d 486; *Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, 520 N.E.2d 1044; *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 512 N.E.2d 993, *aff'd on other grounds* (1989), 129 Ill. 2d 351.

■■ We find *Ziemba* to be controlling. In this case the tractor trailers on defendant's property were not dangerous until the railroad allegedly acted negligently in not having flashing red lights and in operating its train too fast for conditions. It was not alleged that the train personnel could not see the crossing. Plaintiff did not come into contact with defendant's land. The facts of this case are nearly identical to *Ziemba*.

The cases cited by plaintiff as controlling in this case are readily distinguishable. *Thiessen v. Wabash R.R. Co.* (1963), 41 Ill. App. 2d 238, 190 N.E.2d 498, is an abstract decision where an unlighted tractor trailer truck was parked on a public street in violation of a stat-

ute. In the instant case, the trailers that allegedly obstructed plaintiff's view were legally parked on the defendant's private property and, as discussed below, there is no applicable statute. In *National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919, also cited by plaintiff, the court was only concerned with complaints against railroad companies and no private adjacent landowner was involved. Likewise, *Winsor v. Baltimore & Ohio R.R. Co.* (1980), 92 Ill. App. 3d 437, 415 N.E.2d 1141, does not address any duty owed by a private adjacent landowner and addressed only the issue of a railroad's duties in regards to obstructions of the view of the tracks. None of the cases cited by plaintiff is support for its argument here.

Plaintiff asserts, however, that a duty should be created against adjacent landowners to a railroad. As part of this argument, plaintiff points to section 11—1303(a)(3)(a) of the Illinois Vehicle Code, which states:

"[N]o person shall:

3. Park a vehicle, whether occupied or not, except temporarily for the purpose of and while actually engaged in loading and unloading property or passengers:

a. Within 50 feet of the nearest rail of a railroad crossing."

(Ill. Rev. Stat. 1991, ch. 95½, par. 11—1303(a)(3)(a).)

Plaintiff maintains that this statute recognizes the inherent danger in obstructing from view the area near a railroad crossing and as such indicates the propriety of finding the defendant had a duty to not obscure the crossing. However, section 11—1303(a)(3)(a) does not apply to an individual's use of his own adjacent private property, and we decline to give the statute the broad interpretation requested by plaintiff. The common law does not impose a duty on a third party merely because the third party's land is near a railroad where the accident occurs (*Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, 520 N.E.2d 1044), and plaintiff cites no case which so holds.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN, P.J., and McNAMARA, J., concur.