DANIEL A. O'NEIL, Indiv. and as Adm'r of the Estate of James D. O'Neil, Deceased, Plaintiff-Appellant, v. IRENE B. KRUPP *et al.*, Defendants-Appellees.

Third District   No. 3—91—0449

Opinion filed March 12, 1992.

Anthony C. Raccuglia & Associates, of Peru (Anthony C. Raccuglia, of counsel), for appellant.

Hupp, Lanuti, Irion & Martin, of Ottawa (Raymond P. Fabricius, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Daniel O'Neil, appeals the dismissal of four counts of his amended complaint which alleged that defendants Jerry and Barbara Schultz breached their statutory duty of care to plaintiff's decedent by violating two city ordinances. We reverse and remand.

On August 7, 1989, plaintiff's 14-year-old son, James O'Neil, was riding his bike through the intersection of 15th Street and Gilman Av-

enue in Mendota, Illinois, when he was struck and killed by a car driven by codefendant Irene Krupp. Krupp's vision was allegedly impaired by a line of shrubs and foliage growing on a corner lot at the intersection which was owned by defendants Jerry and Barbara Schultz.

Plaintiff, as administrator of the decedent's estate, brought a wrongful death action against Krupp alleging that Krupp negligently caused the collision. Plaintiff was granted leave to amend his complaint to name the Schultzes as additional defendants. In his amended complaint, plaintiff added four counts which alleged that the Schultzes had failed to maintain their property to allow for clear vision at the intersection in violation of two Mendota city ordinances. The Schultzes filed a motion to dismiss claiming that a possessor of land owes no duty to others who suffer injury outside the land by a natural condition of the land. The trial court granted the Schultzes' motion to dismiss and made an express written finding that there was no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Plaintiff appeals the dismissal of his cause of action against the Schultzes, the only defendants involved in this appeal.

To state a cause of action for negligence, a complaint must allege facts sufficient to show the existence of a duty, a breach of that duty, and an injury to the plaintiff which was proximately caused by that breach. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387, 395-96.) In his amended complaint, plaintiff alleged that the following two Mendota city ordinances were in effect at the time of the accident:

> "*VISION CLEARANCE FOR CORNER LOTS*    On corner lots within that part of a yard located within a radius of 25 feet from the point of intersection of the two street right-of-way lines forming the lot corner, no structures or shrubs as herein permitted as obstructions in front yards or side yards adjoining a street, shall be erected altered or planted, which have a height more than 30 inches above the ground grade in this area, and trees planted in such areas shall be maintained in a manner that the trees shall not have branches lower than eight feet above the ground grade elevation in this area." Mendota, Ill., Zoning Ordinance ch. 5, par. F (1972).

> "*TREES ON PRIVATE PROPERTY OVERHANGING HIGHWAY*    Every owner of any tree, shrub or plant growing on private property overhanging a public highway within the city of Mendota, shall trim the branches so that they shall not

obstruct the light of any street lamp or obstruct the view of any street intersection, and so that there shall be a clear space of ten feet above the surface of the street or sidewalk. The owner shall remove all dead, diseased or dangerous trees growing on private property and overhanging the public highway within the City and shall remove broken or decayed limbs from such trees which may be considered a menace to the safety of the public." (Mendota, Ill., Municipal Code ch. 6, par. 6.27 (1969).)

Plaintiff alleged that these ordinances imposed a duty on the defendants which they breached by maintaining shrubs and other foliage having a height of more than 30 inches within a 25-foot radius from the intersection in violation of the ordinances. Plaintiff also alleged that he was injured as a proximate result of the breach of duty by the defendants.

Upon review of a trial court's decision to dismiss a cause of action under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), we must determine whether the complaint, when viewed in the light most favorable to the plaintiff, alleges facts sufficient to establish a cause of action upon which relief may be granted. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 504-05, 565 N.E.2d 654, 657.) In making this determination, we must accept all well-pleaded facts in the challenged pleading as true. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.* (1986), 114 Ill. 2d 278, 286, 499 N.E.2d 1319, 1322.

The question presented by this appeal is whether a city ordinance can establish a duty owed by a landowner to a plaintiff to whom no duty is owed at common law. We find that a city ordinance can impose such a duty under certain circumstances.

Initially, we note the opinion of Dean Prosser on this issue:

"The standard of conduct required of a reasonable man may be prescribed by legislative enactment. When a statute provides that under certain circumstances particular acts shall or shall not be done, it may be interpreted as fixing a standard for all members of the community, from which it is negligence to deviate. Within the limits of municipal authority, the same may be true of ordinances." W. Prosser, Torts §36, at 190 (4th ed. 1971).

■ ■ In their motion to dismiss, defendants claimed that they did not owe a duty to plaintiff's decedent and therefore the complaint failed to state a cause of action against them. Defendants point out, and the plaintiff concedes, that there is no common law duty in Illi-

nois on a landowner to remove foliage on his property so that motorists approaching an intersection can see other intersecting motorists. (*Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, 520 N.E.2d 1044; *Pyne v. Witmer* (1987), 159 Ill. App. 3d 254, 512 N.E.2d 993, *aff'd* (1989), 129 Ill. 2d 351, 543 N.E.2d 1304.) However, the case law makes it clear that this rule applies in the absence of a statutory directive to the contrary. (*Esworthy,* 166 Ill. App. 3d at 879, 520 N.E.2d at 1046; *Pyne,* 159 Ill. App. 3d at 262, 512 N.E.2d at 997.) It is well established in Illinois that a violation of a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence. (*Dini v. Naiditch* (1960), 20 Ill. 2d 406, 417, 170 N.E.2d 881, 886; *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) A party injured by such a violation may only recover by showing that the violation proximately caused his injury and that the statute or ordinance was intended to protect a class of persons to which he belongs from the kind of injury that he suffered. *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 219-20, 384 N.E.2d 323, 326.

This rule was recently followed by our supreme court in *Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 581 N.E.2d 656, where the plaintiff was injured when he slipped on a patch of ice and fell down a flight of stairs at a building owned by the defendant. Plaintiff alleged that the defendant negligently failed to provide a handrail on both sides of the stairway in violation of the Chicago Municipal Code. Defendant argued, *inter alia,* that it had no duty to protect the plaintiff from the natural accumulation of ice and snow and that plaintiff failed to prove that the defendant was negligent in not providing handrails on both sides of the stairwell. After citing the general rule that violation of a safety statute or ordinance is *prima facie* evidence of negligence, the court held as follows:

"We find that the ordinance is a public safety measure. Section 67—10.3(a)(1) [of the Chicago Municipal Code] sets forth requirements for stairways generally that handrails be provided on each side ***. It is reasonable to conclude that a purpose of the ordinance is to prevent injuries as a result of falls down a stairway, such as Kalata's fall in the instant case. [Citations.] Further, plaintiff, a regular user of the stairway, comes within the class of persons which the ordinance is designed to protect." (*Kalata,* 144 Ill. 2d at 435, 581 N.E.2d at 661.)

In determining whether the violation of the ordinance proximately caused the plaintiff's injuries, the court found that the plaintiff could have used the missing handrail to avoid injury and that the accumula-

tion of snow and ice on the stairs was foreseeable. The court held the defendant liable, finding that "the presence of ice and snow [did] not break the causal connection between the violation of the ordinance and plaintiff's injuries." *Kalata*, 144 Ill. 2d at 439, 581 N.E.2d at 663.

In *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326, the plaintiff brought a negligence action against the City of Aurora to recover for injuries sustained in an automobile accident at an intersection. Plaintiff alleged that the city negligently allowed trees and shrubs on city property at the intersection to obscure the vision of motorists approaching the intersection in violation of State law and city ordinances. Two of the city ordinances cited by the plaintiff as having been violated provided as follows:

" 'No person owning or occupying any land or premises within the corporate limits of the city shall plant, construct or maintain upon said premises any hedges or board fences or other structure which will *obstruct the view of any person driving along the streets of the city and approaching the intersections* thereof, which is of a height greater than four (4) feet above the crown of the street, nor plant or maintain any plant, shrub, bush or other vegetation tending to obstruct such view, and which is of a height greater than four (4) feet above the crown of the street, on any lot abutting on intersecting streets nearer the point of intersection of the lot lines than five (5) feet plus the width of the building line setback established for said lot by the city.' (Emphasis added.) [Citation.]

'The streets and alleys in the city shall be kept free and clear of all obstructions, encumbrances and encroachments, for the use of the public, and shall not be used or occupied in any other way than as herein provided.' [Citation.]" *First National Bank*, 71 Ill. 2d at 9-10, 373 N.E.2d at 1330.

The trial court dismissed the complaint against the City of Aurora, and the dismissal was affirmed on appeal. Our supreme court reversed, finding that the plaintiff's complaint stated a cause of action. The court held that the violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence and that " 'the party injured thereby has a cause of action, provided he comes within the purview of the particular ordinance or statute, and the injury has a direct and proximate connection with the violation.' " (*First National Bank*, 71 Ill. 2d at 9, 373 N.E.2d at 1330, quoting *Dini*, 20 Ill. 2d at 417-18, 170 N.E.2d at 886.) Upon reviewing the two ordinances involved, the court held that the plaintiff came

within the purview of the ordinances, stating that "[t]here should be little doubt about the intent of the two provisions to provide protection for those traveling the streets." *First National Bank*, 71 Ill. 2d at 10, 373 N.E.2d at 1330.

■ Similarly in this case, the clear intention of the ordinance entitled "Vision Clearance for Corner Lots" is to protect people traveling on the streets of Mendota, such as plaintiff's decedent, from injury resulting from accidents at intersections caused by obstructed vision. We find that plaintiff's amended complaint sufficiently sets forth a cause of action against the defendants. Whether the death of the plaintiff's decedent was proximately caused by the defendants' violation of the ordinance is a question of fact for the jury. *Davis*, 64 Ill. 2d at 395.

The cases relied on by the defendants do not support their position. In *Nichols v. Sitko* (1987), 157 Ill. App. 3d 950, 510 N.E.2d 971, the plaintiff was struck and injured by a car while riding his minibike through an intersection. The driver's visibility was allegedly impaired by five-foot-tall weeds and foliage growing at the intersection. Plaintiff brought a negligence action against the owner of the corner lot at the intersection alleging that the landowner had failed to trim his weeds to a reasonable height in violation of a city ordinance. The court first stated the general rule that a possessor of land is not liable for physical harm caused to others outside of the land by a natural condition of the land. However, after citing the rule concerning violation of a safety statute or ordinance, the court went on to discuss whether the city ordinance imposed a statutory duty on the defendant.

"The Willow Springs ordinance that Nichols attempts to impose liability under essentially provides that the growth of weeds in excess of six inches in height is to be considered a public nuisance. Applying the above-stated principles to this ordinance, it is our view that the ordinance cannot properly be interpreted either generally, as a public safety measure intended to protect human life or property of a particular class of individuals, or specifically, as a measure to protect Nichols from the type of harm he suffered." *Nichols*, 157 Ill. App. 3d at 954, 510 N.E.2d at 974.

Defendants' reliance on *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 566 N.E.2d 1365, and *Cross v. Moehring* (1989), 188 Ill. App. 3d 830, 544 N.E.2d 1259, is also misplaced. Both of those cases stand for the general proposition that a landowner has no common law duty to maintain his property to provide clear vision for persons traveling on

an adjacent roadway. In neither case did the plaintiff allege that violation of a statute or ordinance gave rise to a statutory duty.

Defendants contend that a violation of a safety statute or ordinance is *prima facie* evidence of a breach of duty, but that a statute or ordinance cannot serve to extend a duty where none exists at common law. An analysis of the cases discussed above indicates that this is not the state of the law in Illinois. *Kalata, First National Bank, Pyne,* and others all deal with the imposition of a statutory duty where no duty existed at common law. See also *Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 537 N.E.2d 738; *Abernathy v. Dynell Springs Co.* (1989), 179 Ill. App. 3d 138, 534 N.E.2d 486.

In his well-reasoned special concurrence in *Lemings v. Collinsville School District Number Ten* (1983), 118 Ill. App. 3d 363, 454 N.E.2d 1139, Justice Jones gives an in-depth analysis of the concepts of duty and proximate cause. Concerning duties imposed by statute, he states as follows:

> "Some Illinois courts have recognized in express terms the function of the scope or range of protection of duty in a number of cases. The cases that follow are illustrative.
>
> * * *
>
> *First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326, *** and *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881, state that the violation of a statute or ordinance designed for the protection of human life or property is *prima facie* evidence of negligence and that an injured party has a cause of action if he was intended to come within the scope of the protection afforded by the statute or ordinance. *** *[T]hose cases involved duties that were created by statute or ordinance ***.*
>
> * * *
>
> In *Ney v. Yellow Cab Company* (1954), 2 Ill. 2d 74, 117 N.E.2d 74, *** [a] provision of a statute regulating traffic on highways required persons who leave motor vehicles unattended to lock the ignition and remove the key. Thus, *a duty was imposed by statute."* (Emphasis added.) *Lemings,* 118 Ill. App. 3d at 370-71, 374, 454 N.E.2d at 1143-44, 1146.

Finally, defendants contend that the imposition of a duty on landowners based on a city ordinance will have the effect of varying liability throughout the State. In light of *Kalata* and *First National Bank,* that is already the case.

For the reasons stated above, the order of the circuit court of La Salle County is reversed and this matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

McCUSKEY and HAASE, JJ., concur.