ROBERT LEE MARTIN III, a Minor, by his Parents, Robert Lee Martin, Jr., *et al., et al.*, Plaintiffs-Appellants, v. ORTHO PHARMACEUTICALS, a division of Ortho Pharmaceutical Corporation, Defendant-Appellee.

First District (4th Division) No. 1—93—3367

Opinion filed December 22, 1994.

---

[1]Justice Johnson concurred in the disposition of this appeal before his retirement.

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and William J. Jovan, of counsel), for appellants.

Peterson & Ross, of Chicago (Thomas F. Lucas, of counsel), and Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, P.A., of Newark, New Jersey (Charles J. Walsh, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs appeal from an order of the circuit court of Cook County granting summary judgment in favor of the defendant on their two-count complaint alleging strict product liability. For the following reasons, we reverse and remand.

The plaintiffs filed a complaint against the defendant alleging that an oral contraceptive, Ortho-Novum 1/50, which it manufactured was unreasonably dangerous because, *inter alia*, it "was not accompanied with a warning to the general public, users and consumers" that the drug caused physical deformities in the children of mothers who ingested it. The complaint also alleged that Mrs. Martin began taking the drug in May 1979, although at the time, unknown to herself or her prescribing doctor, she was pregnant. According to the complaint, on December 8, 1979, she gave birth to the minor plaintiff, who was born with deformed arms, hands, and fingers as a direct result of her use of Ortho-Novum 1/50. The defendant moved for summary judgment arguing that under the learned intermediary doctrine, its duty to warn was limited to adequately advising the prescribing doctor of the contraceptive's known side effects and that its warnings to the doctor were adequate as a matter

of law. In granting summary judgment in favor of the defendant, the trial court found both that the learned intermediary doctrine precluded the plaintiffs from recovering against the defendant and that defendant's warnings to patients and prescribing physicians were adequate.

In urging reversal of the summary judgment, the plaintiffs argue that the trial court erred: (1) in applying the learned intermediary doctrine to negate the defendant's obligation to directly warn consumers of the adverse effects of its drug as mandated by Federal regulation; and (2) in holding that the defendant's warnings to the users of its oral contraceptive were adequate as a matter of law.

■ Before addressing the issues as fixed by the parties, we are compelled to comment upon the standard of review in this case. The defendant argues that this court cannot reverse the entry of summary judgment absent an abuse of discretion. We disagree. Summary judgment is to be granted only when the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1992).) Because the entry of a summary judgment is not a matter committed to the discretion of the trial court, abuse of discretion is not the standard of review. On appeal, the court must independently examine the evidence presented to the trial court both in support of and in opposition to a motion for summary judgment (*Arra v. First State Bank & Trust Co.* (1993), 250 Ill. App. 3d 403, 621 N.E.2d 128), and its review of the entry of the summary judgment is *de novo* (*In re Estate of Hoover* (1993), 155 Ill. 2d 402, 615 N.E.2d 736).

To adequately address the substantive issues presented by this appeal, we begin with a brief review of the law of strict tort liability as it applies to prescription drugs and an analysis of the learned intermediary doctrine.

In the context of strict tort liability, the law imposes a duty upon a manufacturer to place into the stream of commerce only those products which are not unreasonably dangerous when used for their intended purpose. (*Rivera v. Rockford Machine & Tool Co.* (1971), 1 Ill. App. 3d 641, 274 N.E.2d 828.) Failure to warn, or to adequately warn, of a product's dangerous propensities, in and of itself, can render a product unreasonably dangerous and may form the basis of strict liability in tort. *Woodill v. Parke Davis & Co.* (1980), 79 Ill. 2d 26, 402 N.E.2d 194.

■ Prescription drugs are no exception. If a prescription drug is placed into the stream of commerce without adequate warnings of its possible adverse side effects, the manufacturer may be subjected to strict tort liability for injuries suffered by a patient proximately resulting from its failure to so warn. (*Kirk v. Michael Reese Hospital*

& *Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387; *Lawson v. G.D. Searle & Co.* (1976), 64 Ill. 2d 543, 356 N.E.2d 779.) Generally, a manufacturer must warn the ultimate user of the risks of its product, but in consideration of the very nature of prescription drugs and the ethics involved in the professional practice of medicine, an exception to this general rule, the learned intermediary doctrine, has been recognized as the means by which prescription drug manufacturers discharge their obligation to warn. (See *Kirk*, 117 Ill. 2d at 517-19, 513 N.E.2d at 392-93; *Mahr v. G.D. Searle & Co.* (1979), 72 Ill. App. 3d 540, 390 N.E.2d 1214.) Although the manufacturer's obligation to warn is for the benefit of the users of its prescription drugs, the learned intermediary doctrine as adopted in Illinois provides that a manufacturer has an obligation to warn only prescribing doctors of known dangerous propensities of its prescription drugs. There is no obligation on the part of the manufacturer to directly warn patients. (*Kirk*, 117 Ill. 2d at 519, 513 N.E.2d at 393.) The rationale supporting the doctrine is that the physician functions as the learned intermediary between the manufacturer and the patient and decides which drug to prescribe and which warnings should be conveyed to the patient. Under this theory, the extent of disclosure to a patient is a matter of medical judgment which relieves the manufacturer from any responsibility to convey warnings directly to the patient. *Kirk*, 117 Ill. 2d at 517-19, 513 N.E.2d at 392-93.

The plaintiffs acknowledge the existence of the learned intermediary doctrine and its adoption in Illinois, but argue that because the prescription drug involved in this litigation is an oral contraceptive, an exception to the doctrine exists as a result of a Federal regulation which mandates direct warnings to the users of oral contraceptives. The question is one of first impression in Illinois. *Kirk* did not consider the effect of a Federal regulation upon a prescription drug manufacturer's obligation to warn users directly, and although the issue existed in *Glassman v. Wyeth Laboratories, Inc.* (1992), 238 Ill. App. 3d 533, 606 N.E.2d 338, it was not addressed.

■ The Federal Food, Drug, and Cosmetic Act of 1938 (21 U.S.C. § 301 *et seq.* (1988)) was enacted by the United States Congress pursuant to the power conferred upon it under the constitution to regulate interstate commerce. (*United States v. Walsh* (1947), 331 U.S. 432, 91 L. Ed. 1585, 67 S. Ct. 1283.) The primary objective of this legislation is the protection of public health. (*United States v. An Article of Drug *** Bacto-Unidisk* (1969), 394 U.S. 784, 22 L. Ed. 2d 726, 89 S. Ct. 1410.) Section 701(a) of the Act (21 U.S.C. § 371(a) (1988)) vests broad rulemaking power in the Secretary of Health, Education, and Welfare, who is authorized to promulgate binding, substantive

regulations for its enforcement. (*Weinberger v. Hynson, Westcott & Dunning, Inc.* (1973), 412 U.S. 609, 37 L. Ed. 2d 207, 93 S. Ct. 2469.) The authority granted to the Secretary has been delegated to the Commissioner of the Food and Drug Administration (FDA). 21 C.F.R. § 5.1(a) (1978).

The regulation in question in this case, as it existed at the time of the events giving rise to this action, provided in pertinent part as follows:

> "Information in lay language concerning effectiveness, contraindication, warnings, precautions, and adverse reactions shall be furnished to each patient receiving oral contraceptives. This information shall be given to the patient by the dispenser \*\*\*. The brief summary shall specifically include \*\*\* [a] warning regarding the serious side effects of oral contraceptives \*\*\*. The side effects mentioned shall include \*\*\* induction of fetal abnormalities \*\*\*." (21 C.F.R. § 310.501 (1978).)

In his summary which precedes this regulation, the Commissioner of the FDA concluded: "in order that consumers may safely use oral contraceptive drug products, specific information must be provided to them directly about these drugs." 21 C.F.R. § 310.501 (supplementary information) (1978).

The defendant in this case has not challenged the validity of the regulation or the application of the regulation to its product, Ortho-Novum 1/50, during the relevant time period. Instead, the defendant argues before this court, as it argued below, that the learned intermediary doctrine precludes all actions against drug manufacturers for failing to directly warn patients of the adverse effects of prescription drugs, Federal regulations to the contrary notwithstanding. We disagree.

■ Illinois has long subscribed to the rule that the violation of a statute, ordinance, or regulation designed for the protection of life or property is *prima facie* evidence of negligence, and a party injured by such a violation has a cause of action provided: (1) that he or she falls within the class intended to be protected; and (2) the injury suffered is a direct and proximate result of the violation. (*Kalata v. Anheuser-Busch Cos.* (1991), 144 Ill. 2d 425, 581 N.E.2d 656; *Barthel v. Illinois Central Gulf R.R. Co.* (1978), 74 Ill. 2d 213, 384 N.E.2d 323; *Brunnworth v. Kerens-Donnewald Coal Co.* (1913), 260 Ill. 202, 103 N.E. 178.) This rule has been applied in circumstances where the injury-causing behavior was nonactionable at common law. (*Brunnworth*, 260 Ill. at 216, 103 N.E.2d at 184; *O'Neil v. Krupp* (1992), 226 Ill. App. 3d 622, 589 N.E.2d 185; see also *Esworthy v. Norfolk & Western Ry. Co.* (1988), 166 Ill. App. 3d 876, 520 N.E.2d 1044; *Pyne v. Witmer*

(1987), 159 Ill. App. 3d 254, 512 N.E.2d 993, *aff'd* (1989), 129 Ill. 2d 351, 543 N.E.2d 1304.) While the focus of a strict tort liability action is upon the condition of a product and not the negligence of the defendant (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182), we can conceive of no logical reason why the same rule should not apply to actions grounded in strict product liability. In strict product liability actions, the violation of a statute, ordinance, or regulation is relevant, not to establish the negligence of the defendant, but to establish that the product was unreasonably dangerous when placed into the stream of commerce (see *Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 396 N.E.2d 534).

■ The learned intermediary doctrine is nothing more than a rule of common law origin which expresses the manner in which a prescription drug manufacturer discharges its obligation to warn of potential adverse side effects. However, when, as in this case, direct warnings to the user of a prescription drug have been mandated by a safety regulation promulgated for the protection of the users, an exception to the doctrine exists and failure on the part of the manufacturer to comply can render the drug unreasonably dangerous. (See *Lukaszewicz v. Ortho Pharmaceutical Corp.* (E.D. Wis. 1981), 510 F. Supp. 961, *amended* (E.D. Wis. 1981), 532 F. Supp. 211.) Consequently, we find that the trial court erred in granting summary judgment to the defendant based upon the learned intermediary doctrine.

The second issue which we address is the trial court's holding that the warnings the defendant supplied with its oral contraceptive were adequate as a matter of law.

In their respective briefs before this court, the parties appear to be addressing two separate and distinct issues. The plaintiffs direct their arguments to the propriety of the trial court's finding that the defendant's warnings to Mrs. Martin as a user of an oral contraceptive were adequate. The defendant addresses only the propriety of the trial court's finding that its warnings to prescribing doctors were adequate. Based upon our holding as to the applicability of the learned intermediary doctrine under the circumstances of this case and the fact that the plaintiffs have never alleged that the defendant's warnings to prescribing physicians were inadequate, we find that the only remaining relevant question before us is the one addressed by the plaintiffs.

■ If a manufacturer is found to have an obligation to warn of the dangerous propensities of its product, it follows that whatever warnings are given must be sufficient in form, content, and intensity to advise a reasonable person of the danger so that she can exercise

caution in the use of the product commensurate with the potential danger. (*Mahr*, 72 Ill. App. 3d at 562, 390 N.E.2d at 1230.) While the issue of whether a manufacturer has an obligation to warn in the first instance is a question of law for the court to resolve (*Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465), the adequacy or sufficiency of a warning is a question of fact within the prerogative of the jury (*Huff v. Elmhurst-Chicago Stone Co.* (1981), 94 Ill. App. 3d 1091, 419 N.E.2d 561; *Mahr*, 72 Ill. App. 3d at 563, 390 N.E.2d at 1231). As stated earlier, compliance with Federal regulations is relevant to the issue of whether a product is unreasonably dangerous, but it is not determinative of the question. (See *Mahr*, 72 Ill. App. 3d 540, 390 N.E.2d 1214.) One exception to this general rule exists in circumstances where the product complies with Federal regulations and the area has been preempted. In such a case, compliance with the Federal regulations would be dispositive of the issue of whether the product was unreasonably dangerous. See *Slater v. Optical Radiation Corp.* (7th Cir. 1992), 961 F.2d 1330; *Stewart v. International Playtex, Inc.* (D.S.C. 1987), 672 F. Supp. 907.

■ The Federal regulatory scheme at issue in this case obligates manufacturers of oral contraceptives to issue warnings directly to the users of those products and also sets forth specific labeling requirements or guideline text to be used. (21 C.F.R. § 310.501 (1978).) The fact that the defendant's package inserts and patient labeling may comply with the FDA's guidelines is relevant to the issue of whether its patient warnings were adequate, but it is not determinative of the question as the regulations in issue evince no preemptive intent. In the preliminary summary which precedes the amendment to the regulation, the Commissioner of the FDA stated that the drug manufacturers' tort liability would depend on each factual situation and "the applicable State law which *** can be adjusted by State Courts and Legislatures in light of factors presented by the use of patient labeling." (21 C.F.R. § 310.501 (supplementary information) (1978).) We believe that the requirement of section 310.501 to use lay language in the warning and the lack of preemptive intent on the part of the FDA leaves the resolution of whether the defendant's warnings to the patient were adequate as a question of fact to be resolved by a jury. See *MacDonald v. Ortho Pharmaceutical Corp.* (1985), 394 Mass. 131, 475 N.E.2d 65.

Summary judgment procedure is not designed to resolve disputed issues of fact, but only to determine if they exist. (*Cutuk v. Hayes/Gallardo, Inc.* (1992), 151 Ill. 2d 314, 602 N.E.2d 834.) If an examination of the record reveals the existence of a triable issue of fact, the motion for summary judgment should be denied. (*Hoover*, 155 Ill. 2d

402, 615 N.E.2d 736.) The record before us contains the affidavits of the plaintiffs' expert witnesses, Dr. Nancy Lord and James P. O'Donnell, a pharmacologist, which state that the defendant's patient warnings were inadequate to explain the known risks of birth limb reductions with the use of oral birth contraceptives in the first trimester of pregnancy. These affidavits create a genuine issue of fact on the adequacy of the defendant's patient warnings which precludes summary judgment on the question.

By reason of the foregoing analysis, we reverse the summary judgment granted in favor of the defendant and remand this action to the circuit court of Cook County for further proceedings.

Reversed and remanded.

JOHNSON[1] and THEIS, JJ., concur.

---

[1]Justice Johnson concurred in the disposition of this appeal before his retirement.