Garsh, J.
This action arises out of injuries sustained by the plaintiff, James A. Hackett, III (“Hackett”), while he was riding his motorcycle through the intersection of Shawsheen Street and Reagan Road in Tewksbury, Massachusetts. Hackett alleges that foliage, trees, and shrubbery located on land adjoining the roadways obscured the view of oncoming traffic and thereby caused an accident between his motorcycle and a vehicle driven by William Costa. He brings this action against landowners Clarence and Dawn Cobb and Francis and Jeanette Perry (collectively referred to as the “defendants”).[3] The defendants now move for summary judgment on the grounds that they owed no duty to Hackett. For the following reasons, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
For purposes of this motion, the parties have agreed that the following facts are not in dispute.
On June 30, 1997, Hackett was operating his motorcycle westbound on Shawsheen Street, a public way in Tewksbury, Massachusetts. Shawsheen Street curves naturally to the right and inclines as it approaches the intersection with Reagan Road. As Hackett approached the T-intersection with Reagan Road, Costa, who was operating a motor vehicle with a camper attached, attempted to make a left turn from Reagan Road onto Shawsheen Street and collided with Hackett’s motorcycle.
The defendants own property which abuts Shawsheen Street on the westbound side of the roadway. Dawn and Clarence Cobb own property which abuts the westbound lane of Shawsheen Street and extends up to the corner of Reagan Road. Jeannette Perry owns property next to the Cobb property which abuts Shawsheen Street on the westbound side of the roadway.
The shrubbeiy on Shawsheen Street belonging to the defendants did not hang over into the roadway. The defendants never received a notice of violation *421 from any public official pertaining to improper maintenance and upkeep of their property. They received no notice from the town, the police department, or any other municipal organization that their property was hazardous to the use of motorists and that they should take some type of corrective action. They received no notice to maintain their property in such a way so that motorists traveling would have a less obstructed view of the intersection.
Hackett alleges that his line of sight was impaired by foliage, trees, and shrubbery on the defendants’ property. Specifically, he claims that the state of the vegetation obstructed his view of the intersection with Reagan Road as he was traveling west on Shawsheen Street and obstructed the view of motorists exiting Reagan Road onto Shawsheen Street. He further asserts that the vegetation shortened the distance a motorist could see while traveling west on Shawsheen Street or exiting Reagan Road onto Shawsheen Street. Hackett alleges that the defendants were negligently failing to trim the vegetation and that their negligence resulted in his injury, when Costa’s motor vehicle struck his motorcycle.
DISCUSSION
The only issue presented by this motion is whether the moving parties are entitled to judgment as a matter of law on the basis that they owed no duty to Hackett. With respect to that issue, no material facts are in dispute. If the defendants had a common law duty to take reasonable steps to control vegetation on their property so that travelers of an abutting highway would have an unobstructed view of the intersection, then disputed issues of fact as to whether the defendants breached that duty and whether such a breach caused the accident would preclude entry of summary judgment.
“Before liability for negligence can be imposed, there must first be a legal duty owed by the defendants to the plaintiff ...” Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). Whether the duty alleged by the plaintiff exists is a question of law for the court to decide, taking into account existing social values, customs and social policy. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000).
“Although a landowner . . . typically is not held to any duty with respect to public highways adjacent to . . . his land, he must exercise reasonable care in the use of his land so as not to injure a traveler on the highway.” Davis, 420 Mass. 743, citing Pritchard v. Mabrey, 358 Mass. 137, 140 (1970). As such, in Pritchard, the Supreme Judicial Court held that an owner of premises may be found liable for negligent maintenance when water dripping from a bay window structure, which overhung a public sidewalk by three and a half to four feet, resulted in a slippery condition on the sidewalk. By contrast, there is no allegation in this case that vegetation on the defendants’ premises overhung the roadways or that any tree limb or other vegetation had fallen into Shawsheen Street or Reagan Road.
No Massachusetts appellate authority has addressed whether a landowner’s duty to exercise reasonable care in the use of his land encompasses a duty to take reasonable steps to prevent trees, shrubs and bushes on property adjoining a roadway from affecting a motorist’s view of traffic approaching along intersecting roadways. Cf. Franklin v. Fisk, 13 Allen (95 Mass.) 211 (1866) (“When highways are established, they are located by the public authorities with exactness, and the easement of the public, which consists of the right to make them safe and convenient for travelers, and to use them for public travel, does not extend beyond the limits of the location”). This court concludes, as have a number of jurisdictions,[4] that a landowner owes no common law duty to users of a highway to remove vegetation from their property in order that motorists might be better able to see vehicles approaching along intersecting roadways.
Statutes and ordinances in this Commonwealth are of assistance in ascertaining social policy. There is neither a state statute nor a local Tewksbuiy ordinance which imposes a burden on a landowner to control vegetation on his property for the benefit of users of a public highway. To the contrary, the Legislature has imposed a duty of vigilance on motorists whose visibility may be impaired. An operator of a motor vehicle has a duty, imposed by statute, to “slow down” and to keep to the right “on any way or a curve ... in said way where his view is obstructed.” G.L.c. 90, §14. That statute contemplates that a view may be obstructed by trees as well as by buildings, darkness, or thick fog. Woodman v. Powers, 242 Mass. 219, 223 (1922). Moreover, notwithstanding what the speed limit may be, an operator of a motor vehicle has a duty, imposed by statute, to decrease the speed of his motor vehicle “when a special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions.” G.L.c. 90, §17.
Furthermore, although undoubtedly cognizant of the potential impact on visibility at intersections that might be posed by vegetation, the Legislature chose not to impose the duty, which Hackett seeks to have this court recognize, while at the same time it chose to impose other duties on owners of property abutting a public way. For example, an owner of a lot abutting a public way who permits the public to use a portion of his land lying between the way and a building must keep such portion “in such condition as, in the opinion of the aldermen, the safety and convenience of the public requires . . .” G.L.c. 84, §26. In addition, ”[i]f , on premises abutting on a public way, an excavation is a hazard to travelers upon such way..., the person in control of such premises shall be liable in tort to any such traveler who, by reason of a want of a sufficient railing or barrier in or upon such excavation or between such excavation and such way, sustains *422 bodily injury or property damage.” G.L.c. 84, §27. The Legislature has directed that the owner of any land which abuts a public way and on which an excavation has been made within fifty feet of said way shall cause a fence or other barrier not less than five feet to be erected at the street line of such way. G.L.c. 84, §27A. Finally, cities and towns are specifically authorized to provide for removal of snow and ice from sidewalks by the owner of land abutting upon such sidewalks. G.L.c. 85, §5.
Tewksbury ordinances similarly place no obligation upon a landowner to maintain his property so that a motorist’s view of an intersection is unobstructed. They do not require, for example, that trees, shrubs, bushes, weeds, or other vegetation be setback a specified number of feet from an intersection or that vegetation within a specified number of feet from an intersection be trimmed to a specified height or width. See n. 7 infra. Such an ordinance, if properly authorized, may establish a duty of care to remove vegetation on property that otherwise would not exist at common law. O'Neill v. Krupp, 589 N.E.2d 185, 187-89 (Ill. App. 1992). Tewksbury does have an ordinance entitled: “Placing obstruction prohibited.” It states that “(n]o persons ... shall place or cause to be placed any obstruction ... on any traveled public way ... so as to impede the flow of traffic . . .” It further provides that the Police Department will be the “sole enforcing agency of this By-Law.” Tewksbury Ordinance No. 12.04.050. The vegetation at issue, which is located entirely on the defendants’ property, can hardly be characterized as an “obstruction” which was placed or caused to be placed on a public way. Cf. Cain v. Pappalardo, 639 N.Y.S.2d 570 (N.Y.App.Div. 1996) (statute requiring landowners to remove obstructions from highway did not apply to overhanging foliage): Pyne v. Witmer, 512 N.E.2d 993, 996-97 (Ill.App. 1987) (statute making it a public nuisance to “obstruct or encroach upon public highways” applies to conditions within or upon the roadway which interfere with movement over the road and not to foliage adjoining a roadway), aff'd on other grounds, 543 N.E.2d 1304 (1989).
Custom also does not support the imposition of a duty in the circumstances present here. Massachusetts landowners have long owned tracts of land, developed and undeveloped, adjacent to public ways and intersections. Those parcels may be small in acreage or extremely large. Many such tracts have trees, high hedges and flowering shrubs. In some places in the Commonwealth, com grows “as high as an elephant’s eye and it looks like it’s climbing right up to the sky.”[5] The plaintiff points to no custom that would support imposition of a duty in the circumstances of this case.
Finally, an examination of social values does not warrant imposition of the duty which Hackett argues exists. A duty should not be imposed when its scope would be extremely difficult to determine without expert advice taking into account sight lines and traffic patterns.[6] ‘To hold that [the defendants] owed the plaintiff such a duty would significantly expand the scope of a landowner or possessor’s duties with respect to adjacent public roads, and would make the line which cuts off landowner liability ‘nearly impossible to draw.’ ” Davis, 420 Mass. 744 (no duty on owner of facilities adjacent to both sides of highway to provide safe passage over the highway by erecting a traffic light or constructing a pedestrian bridge). An authorized ordinance specifying the height of vegetation that may be grown within a certain number of feet from the point of the intersection[7] or one providing penalties, after notice from public authorities, for failure to remove offending trees or bushes[8] would, at least, provide guidance to a landowner, especially when “[ojrdinarily a landowner in [defendants’] position would have no expertise in determining what does or does not constitute sufficient visibility or in concluding what steps would be required to select offending trees.” See Fritz v. Parkison, 397 N.W.2d 7.14, 715 (Iowa 1986).
Considering the costs to landowners of attempting to assure appropriate visibility for motorists and the uncertainty of liability that landowners would face, it is appropriate to place the responsibility for maintaining reasonably safe roads upon the public authorities in charge of public ways[9] and to place the responsibility on motorists to take precautions sufficient to minimize any danger from obstructed vision. Id. at 716. See also Pyne, 512 N.E.2d at 997 (“[I]n the absence of a statutoiy directive to the contrary, a landowner has no duty in Illinois to remove foliage on his property so that motorists approaching an intersection can see other intersecting motorists. Considering the burden such a duty would impose on private property owners, we leave the imposition of such a duty to the legislature”).
Moreover, imposition of a duty to maintain vegetation in such a way that it does not adversely affect visibility on the roadway may run afoul of the value society places on natural vegetation. “[T]he establishment of such duty (as urged by plaintiffs) entitles the motorist with the right in every intersectional collision case to charge and litigate before a jury whether the jury thinks the landowner’s use of his land is reasonable. ” Evans v. Southern Holding Corp., 391 So.2d 231, 232 (Fla.Dist.Ct.App. 1981). Without a notice requirement from a public authority that particular foliage is dangerous and needs to be removed or a law defining what vegetation is offensive, a landowner faced with the prospect of litigation and uncertain liability may very well opt to remove all vegetation which may conceivably be argued one day to violate his duty of care to motorists. Such a result would run counter to the spirit of the elaborate legislative scheme enacted to protect trees and bushes within a public way or on the boundaries thereof. G.L.c. 87, §§1 et seq.[10]
In sum, an owner of land abutting a highway has no common law duty to trim or remove vegetation that *423 may adversely affect the vision of motorists approaching an intersection. The plaintiffs may not maintain their action in negligence against the defendants because Hackett cannot meet his burden of proof that a duty was owed to him by the defendants.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED.

 The parties have advised that the claim against William Costa has been resolved.

 See, e.g., Driggers v. Locke, 913 S.W.2d 269, 272-274 (Ark. 1996) (owner owes no duty to users of highway to trim holly bushes on his property growing close to intersection); Nichols v. Sitko, 510 N.E.2d 971, 974 (Ill.App.Ct. 1987) (failure of property owner to trim tall weeds on property to reasonable height did not render owner liable for injuries sustained by minibike rider struck by car whose driver’s vision was impaired by overgrowth); Fritz v. Parkison, 397 N.W.2d 714, 715 (Iowa 1986) (owner of land abutting curved highway owed motorists no duty to remove trees located on owner’s property); Krotz v. CSX Corp., 115 AD.2d 310, 310 (N.Y.App.Div. 1985) (no common law duty imposed upon a landowner to control the vegetation on his property for the benefit of users of a public highway); Evans v. Southern Holding Corp., 391 So.2d 231, 232 (Fla.Dist.Ct.App.) (landowner has no duty to maintain property in a condition so that motorist approaching intersection can see other approaching motorists), rev. den. 399 So. 2d 1142 (1981); Bohm v. Racette, 236 P. 811, 812-13 (Kan. 1925) (owner of land adjoining highway is not liable to those injured in collision caused by hedges obstructing view). Cf. Gonzales v. Trinity Industries, Inc., 7 S.W.3d 303, 307 (Tex.App. 1999) (distinguishing between duty to take reasonable care that vegetation on adjoining land does not obstruct vision of stop sign and non-existence of duty to take care that such vegetation does not obstruct drivers’ views of traffic); Savage v. Scanlon, 5 F.Sup.2d 94, 97-98 (N.D.N.Y. 1998) (no common law duty to trim branches of evergreen trees for benefit of users of public highway and therefore landowner is not liable for failing to trim branches which obstructed neighbor’s view as she backed out of her driveway). But see Kolba v. Kusznier, 599 A.2d 194, 199 (N.J.Super.Ct. Law Div. 1991) (better view is to impose duty upon property owner whose shrubbery visually obstructs an intersection); Hamric v. Kansas City So. Ry. Co., 718 S.W.2d 916, 918 (Tex.App. 1986) (owner of premises abutting highway has a duty to exercise reasonable care not to jeopardize safety of motorists at intersections by failing to cut tall thick grass and weeds); Harvey v. Hansen, 445 A.2d 1228 (Pa.Super.Ct. 1982) (suit may proceed against owner of land for negligent failure to remove plant growth causing poor visibility at intersection); Restatement (Second) of Torts, §363(2) (“[a] possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on land near the highway”).

 Rogers and Hammerstein, “Oh What A Beautiful Morning,” Oklahoma.

 Indeed, during oral argument on the defendants’ motion, the plaintiffs indicated that, were this case to proceed to trial, they intended to prove that the foliage unreasonably obstructed sight lines in the roadway by way of expert testimony.

 E.g., Barnes v. Stone-Quinn, 195 A.D.2d 12, 14 (N.Y.App.Div. 1993) (“Corner Lot" ordinance provides that “[o]n corners lots no . . . hedge or other planting . . . more than three (3) feet in height shall be .. . placed or maintained within the triangular area formed by the intersecting street lines and straight line joining said street lines at points which are thirty-five (35) feet distant from the point of intersection measured along such street line"); O’Neill v. Krupp, 589 N.E.2d 185, 186-87 (Ill.App.1992) (ordinance entitled “Vision Clearance for Corner Lots” provides that “(o]n corner lots within that part of a yard located within a radius of 25 feet from the point of intersection of the two street right-of-way lines forming the lot comer, no . . . shrubs . . . shall be erected, altered or planted, which have a height of more than 30 inches above the ground grade in this area, and trees shall not have branches lower than eight feet above the ground grade elevation in this area”); Delaware v. Valls, 409 N.W.2d 621, 622 (Neb. 1987) (various city ordinances prohibit planting trees within 35 feet of an intersection and maintaining shrubbery more than 2Viz feet tall within the triangle formed by the adjacent curb lines of two intersecting streets and the line joining points “distant forty (40) feet on each side line from their point of intersection").

 E.g., Pedigo v. Smith, 395 So.2d 615, 616 (Fla.Dist.Ct.App. 1981) (ordinance provided that “(o]n a corner lot, no . . . tree, shrub, vegetation, planting or other obstruction to the vision of motorists or pedestrians using the highways and sidewalks . . . shall be permitted or allowed to extend in excess of three (3) feet” above the curb or street on that portion of a yard “included between the sidelines of intersecting streets and a line connecting said lines at points which are twenty-five (25) feet distant from their point of intersection measured along said lines or projections thereof,” and it further provided that it was the duty of the police department to notify the owner to remove or relocate an obstruction and that the owner had ten days to bring the lot into compliance) .

 Two days after the accident, the Safety Officer of the Town of Tewksbury determined that overgrown foliage impaired visibility and ordered the Tewskbury Department of Public Works to clear the overgrowth. Cf. McIntire v. Roberts, 149 Mass. 450, 452 (1889) (“If [the] elevator opening [on defendant’s property] rendered the sidewalk permanently dangerous to travelers, it was undoubtedly the duty of the city ... to put up a barrier, and if the defendants removed it they might be liable to travelers who were injured in consequence of the removal of the barrier . . .”).

 “A11 trees within a public way or on the boundaries thereof. . . shall be public shade trees . . G.L.c. 87, §1. The tree warden of a town is in charge of “the care and control of all public shade trees, shmbs and growths in the town . . ." G.L.c. 87, §2. Other than as specified in the statute, public shade trees may not be cut, trimmed or removed, in whole or in part, by any person other than the tree warden “even if he be the owner of the- fee in the land on which such tree is situated” except by written permit from the tree warden and may not be cut down or removed by the tree warden or other person without a public hearing. G.L.c. 87, §3. The tree warden may not cut down or remove or grant a permit for the cutting down or removal of a public shade tree if even one person objects in writing unless such cutting or removal or permit to do so is approved by the selectmen or by the mayor. G.L.c. 87, §4. Without a hearing, the tree warden may trim, cut down or remove trees less than one and one half inches in diameter one foot from the ground and bushes standing in public ways. G.L.c. 87, §5. If ordered by the mayor, selectmen, road commissioners or highway surveyor, the tree warden shall trim or cut down trees and bushes “if the same shall be deemed to obstruct, endanger, hinder or incommode persons traveling thereon ...” Id.